UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | | |
|---|---|---|
| CARLTON WRIGHT,<br>Plaintiff/Appellee,<br><br>vs.<br><br>SHANE NELSON,<br>KRUL,<br>LEE,<br>GARD,<br>and SEYE,<br>Defendants/Appellants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 26-1945<br><br>UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF INDIANA<br>Cause No. 1:23-cv-00459-TWP-MKK<br><br>Cross Appeal No.: 26-2165 |

**APPELLANTS BRIEF**

COMES NOW, Defendants/Appellants, Shane Nelson, Lt. Krul, Sgt. Lee, and Sgt. Gard, by and through counsel, Joseph Lipps, and for their Appellant's Brief, submit the following.

Respectfully submitted,

By: /s/ Joseph T. Lipps
Joseph T. Lipps, Atty. No. 35936-89
BBFCS ATTORNEYS
27 North 8th Street
Richmond, IN 47374
Telephone: (765) 962-7527
jlipps@bbfcslaw.com
*Attorneys for Defendants-Appellants.*

Save As Clear Form

# APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

Appellate Court No: 26-1945

Short Caption: Carlton Wright vs. Shane Nelson, Krul, Lee, Gard, and Seye

To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in the front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

☐ **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1) The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):
Shane Nelson, Michael Krul, Joseph Lee, Voyle Gard

(2) The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:
Boston Bever Forrest Cross & Sickmann

(3) If the party, amicus or intervenor is a corporation:

i) Identify all its parent corporations, if any; and

N/A

ii) list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

N/A

(4) Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

N/A

(5) Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

N/A

---

Attorney's Signature: [signature] Date: June 15, 2026

Attorney's Printed Name: Joseph Thomas Lipps

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d). Yes ☑ No ☐

Address: 27 N. 8th Street

Richmond, IN 47374

Phone Number: 765-962-7527 Fax Number: 765-966-4597

E-Mail Address: jlipps@bbfcslaw.com

rev. 12/19 AK

## TABLE OF CONTENTS

Disclosure Statements....................2

Table of Contents....................3

Table of Authorities....................4

Jurisdictional Statement....................5

Statement of the Issues....................6

Statement of the Case....................7

Summary of the Argument....................8

Argument....................9

Conclusion....................14

Certification....................14

Short Appendix....................15

Appendix – Table of Contents....................19

Certificate of Service....................20

## TABLE OF AUTHORITIES

### STATUTES

Federal Rule of Civil Procedure 52..........................................11

### CASES

*Brown v. Budz*, 398 F.3d 904 (7th Cir. 2005)...............................13

*Farmer v. Brennan*, 511 U.S. 825 (1994)....................................9

*Grieveson v. Anderson*, 583 F.3d 763 (7th Cir. 2008).......................9

*Gevas v. McLaughlin,* 798 F.3d 475 (7th Cir. 2015).........................13

*Holleman v. Zatecky*, 951 F.3d 873 (7th Cir. 2020).........................10

*Riccardo v. Rausch*, 375 F.3d 521(7th Cir. 2004)...........................9, 12

*Surita v. Hyde*, 665 F.3d 860 (7th Cir. 2011)................................10

*Thornton v. Brown,* 47 F.3d 194 (7th Cir. 1995).............................11

## JURISDICTIONAL STATEMENT

The district court had jurisdiction for the underlying case under 28 U.S.C. § 1331 because this action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983. The Seventh Circuit Court of Appeals accordingly has jurisdiction under 28 U.S.C. § 1291. The district court entered final judgment on March 30, 2026, disposing of all claims as to all parties[1].

[1] *See* 1:23-cv-00459-WTP-MKK, Docket No. 137.

## STATEMENT OF THE ISSUES

1. The district court erred in finding that Shane Nelson failed to protect Carlton Wright from an assault by Elijah Dorsey and did so in retaliation for filing grievances.

2. The district court erred in finding that Shane Nelson, Joseph Lee, Voyle Gard, and Michael Krul failed to protect Carlton Wright from an assault by Offender Brooks.

## STATEMENT OF THE CASE

The plaintiff originally made claims against Mark Sevier, Jennifer French, Major Davis, M. Page, J. Hacker, K. Smith, G. Pearson, G. Nemore, Denny, Joseph, Lieutenant Storm, Sergeant Sparks, Sergeant Nyadi, Officer Dunn, G. Cecil, Brenda Leach, Officer Foley, Jama Jones, Sergeant Seye, Officer Myers, Officer Dunlap, Shane Nelson, Joseph Lee, Voyle Gard, and Michael Krul, in addition to "John Doe" and "Jane Doe" defendants. Through screening and summary judgment, all claims and defendants were dismissed except for the claims that Shane Nelson retaliated against Carlton Wright by prolonging his stay in segregation, Shane Nelson failed to protect Carlton Wright from Elijah Dorsey and did so in retaliation for filing grievances, and that Shane Nelson, Joseph Lee, Voyle Gard, and Michael Krul failed to protect Carlton Wright from assault by Offender Brooks. The district court heard evidence on February 17, 2026, at a bench trial, with the district court ruling in Carlton Wright's favor on all remaining claims except for the claim that Shane Nelson retaliated against Carlton Wright by prolonging his stay in segregation.

## SUMMARY OF THE ARGUMENT

1. The district court erred in finding that Shane Nelson failed to protect Carlton Wright from an assault by Elijah Dorsey and did so in retaliation for filing grievances. The plaintiff cannot show that Shane Nelson knew of any threat posed to him by Inmate Elijah Dorsey prior to the alleged assault. The plaintiff himself waited one week after the alleged assault to request a separatee from Inmate Dorsey. Additionally, as the plaintiff never showed that Shane Nelson actually knew of and disregarded the risk to the plaintiff from Inmate Dorsey, he failed to establish Shane Nelson's culpability for failing to protect him, and certainly has failed to show an action which was retaliatory.

2. The district court erred in finding that Shane Nelson, Joseph Lee, Voyle Gard, and Michael Krul failed to protect Carlton Wright from an assault by Offender Brooks. As clearly established by the evidence, the plaintiff was not housed with Offender Brooks, rather was being transported by a non-defendant custodial officer when Offender Brooks allegedly assaulted the plaintiff. The plaintiff himself even had no idea that the assault by Offender Brooks was going to occur. As there was no actual knowledge by any party, including the plaintiff, the defendants did not fail to protect the plaintiff.

## ARGUMENT

1. The district court erred in finding that Shane Nelson failed to protect Carlton Wright from an assault by Elijah Dorsey and did so in retaliation for filing grievances.

"It is not enough that a reasonable prison official would or should have known that the prisoner was at risk; the official must actually know of and disregard the risk to incur culpability." *Farmer v. Brennan*, 511 U.S. 825 at 837-38 (1994). Unfortunately, and as noted by the Court in *Riccardo v. Rausch*, 375 F.3d 521, 525 (7th Cir. 2004), "[p]risons are dangerous places. Inmates get there by violent acts, and many prisoners have a propensity to commit more."

Shane Nelson was never shown to have direct knowledge of any threat by Inmate Dorsey upon the plaintiff, and absent direct knowledge, he cannot be shown to have had and then directed action to ignore the same. As such, he cannot be liable for any harm caused upon the plaintiff by Offender Dorsey. *See Grieveson v. Anderson*, 583 F.3d 763, 777 (7th Cir. 2008) (noting that "liability of a jail officer for failure to protect an inmate only materializes if the officer knew the inmate faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it."). The plaintiff himself never requested any separation from Offender Dorsey until after his fight/assault with Inmate Dorsey. *Transcript, pg. 304, lines 10-13.*

Further, the record of evidence establishes that Shane Nelson had access to an April 5, 2021 entry in which it was noted that Mr. Wright told Officer Foley that he was in fear for his life being moved into cell M1-116 with Offender Dorsey. *Transcript*, pg. 143, lines 11-14. However, Mr. Nelson does not recall ever reading that case note. *Id.*, pg. 144, lines 1-6. Further, Mr. Nelson would not personally plan out any bed moves. *Id.*, pgs. 144-45, lines 24-1. No

evidence was presented showing any knowledge beyond the plaintiff's own speculation that Mr. Nelson was aware of any threats or risk to the plaintiff by Offender Dorsey.

Even though the plaintiff himself had no knowledge of the fight/assault he was to have with Inmate Dorsey, and no knowledge was ever established beforehand on Shane Nelson's part, the plaintiff alleges that his grievances and complaints filed against Shane Nelson and Case Worker Jama Jones was the retaliatory intent to place the plaintiff in harm's way. *See Transcript*, pg. 237, lines 20-24.

To establish his case for retaliation, the plaintiff must have evidence to support three elements. "First, he must show he engaged in protected First Amendment activity. Second, he must show an adverse action that was taken against him. Third, he must show his protected conduct was at least a motivating factor of the adverse action." *Holleman v. Zatecky*, 951 F.3d 873, 878 (7th Cir. 2020). Grievances are concededly protected First Amended activity, but the plaintiff fails to show any adverse action against him.

"The standard for determining whether an action is sufficiently adverse to constitute retaliation is well established: it must be 'likely [to] deter a person of ordinary firmness from continuing to engage in protected activity.'" *Id.* at 880 (quoting *Surita v. Hyde*, 665 F.3d 860, 878 (7th Cir. 2011)). "This is an objective standard; it does not hinge on the personal experience of the plaintiff." *Id.* Here, the plaintiff never requested any action, and Shane Nelson never performed any action that would be considered adverse to the plaintiff. Instead, the evidence supports only a finding that the plaintiff was a constant complainer and never happy about any conditions of confinement, not that he was at any risk. Correctional Officer Lashawna Dunlap testified that she remembered the plaintiff, but not any complaints of his safety. *Transcript, pg. 318, lines 6-14.* Had he complained of his safety, the steps she would have taken were to inform

a case manager or a sergeant. *Id., lines 15-18.* Notably, Shane Nelson was neither a case manager or a sergeant. Additionally, on the day of the alleged assault, in June 2021, Ms. Dunlap was not under the impression that the plaintiff was in any fear. *Id., pgs. 318-319, lines 22-3.*

The fact of the plaintiff complaining did not raise any alarms, he complained about "Everything. If someone was in his cell that he didn't like, he complained about that. Medical, food, everything.". *Transcript*, pgs. 320-21, lines 21-5.

The bottom line is that the plaintiff was not in any fear on the day of the alleged assault by Inmate Dorsey. As such, he never made any type of complaints to the officer on duty, Ms. Dunlap. Further, as neither the plaintiff nor Ms. Dunlap was aware of any threats of harm between Inmate Dorsey and the plaintiff, Mr. Nelson certainly could not have been aware of any threats; he was a Unit Team Member ("UTM") far removed. *See Transcript,* pg. 101, lines 14-15. As such, Mr. Nelson did not fail to protect the plaintiff from a risk of harm that was unknown to everyone. The plaintiff failed to produce evidence to the contrary and the Court erred in ruling in his favor on this claim.

The district court is admittedly afforded great deference in its findings. However, findings of fact may be set aside when clearly erroneous. *Fed R. Civ. P. 52.* As the evidence shows, there is a definite and firm conviction that the district court mistakenly gave greater weight to the plaintiff's allegations than to his evidence, and that the finding was clearly erroneous, creating a reviewable and reversible mistake. *Thornton v. Brown,* 47 F.3d 194, 196-7 (7th Cir. 1995). Because the trial court adopted the impermissible view of the plaintiff's allegations rather than the factual evidence presented at trial, its decision was clearly erroneous.

2. The district court erred in finding that Shane Nelson, Joseph Lee, Voyle Gard, and Michael Krul failed to protect Carlton Wright from an assault by Offender Brooks.

As this Court has already established, "[p]risons are dangerous places." *Riccardo v. Rausch* 375 F.3d at 525. Offender Brooks' assault, if it occurred, happened outside of the presence of any of the defendants. The plaintiff himself admits that it was Officer Foley who was transporting him by Offender Brooks' cell when Offender Brooks assaulted him by trying feces on him. As none of the defendants were present during that incident, they could not have prevented the assault, nor protected the plaintiff from it.

Further, the plaintiff acknowledges that it was Officer Foley who passed out food trays (chow trays) at lunchtime, when Offender Brooks in cell 215 stuck his arm out of the food slot and held it hostage. *Transcript, pg. 273, lines 3-7.* None of the defendants were present for this incident and none recall this alleged incident of Offender Brooks' food slot being held hostage. Sometime later, testified by the plaintiff to be 3 hours, Officer Foley came to get the plaintiff and take him to his shower. *See Id.*, lines 18-21. When the plaintiff came out of his cell, Offender Dorsey was able to get him, and stuck his arm out and threw what the plaintiff believes to be bodily fluids on him. *Id., pg. 274, lines 2-5.*

The plaintiff's argument is that he was always at risk by Offender Brooks while in segregation. However, the evidence clearly established that the allegation of him always being at risk is untrue, as he was in a single-man cell and separated from literally every other inmate. The knowledge of the defendants was simple: there is no interaction between offenders in segregation.

Prison officials are liable for failing to protect an inmate *only if* they have actual knowledge of a specific, credible, and imminent risk of serious harm. *Gevas v. McLaughlin,* 798 F.3d 475, 480 (7th Cir. 2015)(emphasis added). The *Gevas* case shows that vague statements are inadequate to alert officials, such as the defendants in this matter, to a true threat. *Id.* Liability on the defendants requires both awareness of facts indicating a substantial risk and drawing of that inference by the official. *Id.* at 480. In Mr. Wright's instance, none of the defendants were present to be aware of any potential threat, Mr. Wright himself was not even aware of any actual threat, and the defendant's were not present to draw any inference of a threat to Mr. Wright – as he was supposed to be in a single-man cell, completely secluded from Offender Brooks. *Transcript, pgs. 157-58, lines 21-1.*

Generalized risks in a prison are insufficient to establish liability. *Brown v. Budz*, 398 F.3d 904, 914 (7th Cir. 2005). The plaintiff's fear or prior incidents of threats from the Offender Brooks, if believed to be true by the district court, without a showing of the defendants' specific knowledge of impending harm, does not meet the standard for deliberate indifference. As such, the district court erred in finding the defendants failed to protect Carlton Wright from an assault by Offender Brooks. The record fails to establish any specific threat to Carlton Wright, yet the district court relied upon the plaintiff's generalized complaints to establish an actual threat and that the defendants were aware of these generalized complaints. This finding is impermissible. Because the trial court adopted the impermissible view of the plaintiff's complaints rather than the factual evidence presented at trial, its decision was clearly erroneous.

## CONCLUSION

For the foregoing reasons, Appellants respectfully request that this Court reverse the district court's judgment and remand this case for further proceedings consistent with this Court's opinion.

Respectfully submitted,

By: /s/ Joseph T. Lipps

Joseph T. Lipps, Atty. No. 35936-89
BBFCS ATTORNEYS
27 North 8th Street
Richmond, IN 47374
Telephone: (765) 962-7527
jlipps@bbfcslaw.com
*Attorneys for Defendants-Appellants.*

## CERTIFICATION

I hereby certify that this brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B). The brief contains 2,036 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f), as counted by Microsoft Word.

I further certify that this brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6). The brief has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman sized 12 font.

I further certify that the appendix and short appendix includes all of the materials required by Cir. R. 30(a) and (b).

Respectfully submitted,

/s/

Joseph T. Lipps, Atty. No. 35936-89

## SHORT APPENDIX

## TABLE OF CONTENTS

Final Judgment........................................................................16-18

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| CARLTON WRIGHT,<br><br>Plaintiff,<br><br>v.<br><br>JAMA JONES,<br>MARK SEVIER,<br>JENNIFER FRENCH,<br>MAJOR R DAVIS,<br>SHANE NELSON,<br>M. PAGE,<br>J. HACKER,<br>K. SMITH,<br>G. NEMORE,<br>CECIL,<br>DENNY,<br>G. PEARSON,<br>JOSEPH,<br>STORM,<br>KRUL,<br>GARD,<br>SPARKS,<br>NYADI,<br>ALASSANE SEYE,<br>LEE,<br>DUNN,<br>FOLEY,<br>B. LEACH,<br>DUNLAP,<br>MYERS,<br>JANE/JOHN DOE,<br>JANE/JOHN DOE,<br>JANE/JOHN DOE,<br>JANE/JOHN DOE,<br>JANE/JOHN DOE,<br>JANE/JOHN DOE,<br><br>Defendants. | ) | Case No. 1:23-cv-00459-TWP-MKK |

**FINAL JUDGMENT**

The Court, having this day made its Order directing the entry of final judgment, now enters FINAL JUDGMENT.

Plaintiff Carlton Wright's claims against Mark Sevier, Jennifer French, Major Davis, M. Page, J. Hacker, K. Smith, G. Pearson, G. Nemore, Denny, Joseph, Lieutenant Storm, Sergeant Sparks, Sergeant Nyadi, Officer Dunn,. Cecil, Brenda Leach, and all John or Jane Doe defendants are dismissed with prejudice.

The claims against Officer Foley and Jama Jones are dismissed without prejudice.

The claim that Lieutenant Krul, Sergeant Seye, Officer Myers and Officer Dunlap failed to intervene in the assault and resulting fight between Elijah Dorsey and Carlton Wright is dismissed with prejudice.

The claims that Shane Nelson retaliated against Carlton Wright by prolonging his stay in segregation is dismissed with prejudice.

On his claim that Shane Nelson failed to protect him from assault by Elijah Dorsey and did so in retaliation for filing grievances, judgment is entered in favor of Plaintiff Carlton Wright and against the Defendant Shane Nelson. Compensatory damages in the amount of $7,000.00 are awarded.

On the claim that Shane Nelson, Joseph Lee, Voyle Gard, and Michael Krul failed to protect Carlton Wright from assault by Offender Brooks, judgment is entered in favor of Carlton Wright and against these Defendants. Damages in the amount of $1,000.00 are awarded. Liability is joint and several.

Date: 3/30/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Kristine L. Seufert, Clerk

BY: ______________
Deputy Clerk, U.S. District Court

Distribution:

CARLTON WRIGHT
208902
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
5501 South 1100 West
WESTVILLE, IN 46391

Joseph Thomas Lipps
BBFCS ATTORNEYS
jlipps@bbfcslaw.com

**APPENDIX**

**TABLE OF CONTENTS**

Chronological Case Summary, 1:23-cv-0045..........................................1-15

Findings of Fact and Conclusions of Law and Rulings Following Bench Trial.......16--32

Final Judgment......................................................................33-35

Trial Transcript......................................................................36-373

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of June, 2026, I electronically filed the foregoing Brief with the Clerk of the 7th Circuit Appellate Court using the CM/ECF system. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. N/A

Further, I hereby certify that I have provided a copy of the foregoing to the following non-CM/ECF participant via United States Mail, first-class, postage prepaid, on this 16th day of June, 2026:

Carlton Wright, DOC #208902
Westville Correctional Facility
Inmate Mail/Parcels
5501 South 1100 West
Westville, IN 46391

By /s/ Joseph T. Lipps
Joseph T. Lipps