UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

CARLTON WRIGHT,                     )
        Plaintiff/Appellee,      )
                                 )     CASE NO. 26-1945
                                 )
vs.                                )
                                 )     UNITED STATES DISTRICT COURT
SHANE NELSON,                      )     SOUTHERN DISTRICT OF INDIANA
KRUL,                              )      Cause No. 1:23-cv-00459-TWP-MKK
LEE,                               )
GARD,                              )      Cross Appeal No.: 26-2165
and SEYE,                          )
        Defendants/Appellants.   )

**APPENDIX**

**VOLUME I**

**TABLE OF CONTENTS**

Chronological Case Summary, 1:23-cv-0045……………………………………….1-15

Findings of Fact and Conclusions of Law and Rulings Following Bench Trial…….16--32

Final Judgment………………………………………………………………….33-35

APPEAL,CLOSED,NOD

# U.S. District Court
## Southern District of Indiana (Indianapolis)
## CIVIL DOCKET FOR CASE #: 1:23-cv-00459-TWP-MKK

| | |
|---|---|
| WRIGHT v. JONES et al | Date Filed: 03/14/2023 |
| Assigned to: District Judge Tanya Walton Pratt | Date Terminated: 03/30/2026 |
| Referred to: Magistrate Judge M. Kendra Klump | Jury Demand: None |
| Linked Cases: 1:23-cv-01362-SEB-KMB | Nature of Suit: 555 Prisoner Petitions - |
|          1:23-cv-01363-JRS-TAB | Prison Condition |
| Case in other court: 7th Circuit, 26-01945 | Jurisdiction: Federal Question |
|                  7th Circuit, 26-02165 | |
| Cause: 42:1983 Prisoner Civil Rights | |

**Plaintiff**

**CARLTON WRIGHT**                represented by    **CARLTON WRIGHT**
208902
WESTVILLE - CF
WESTVILLE CORRECTIONAL
FACILITY
Inmate Mail/Parcels
5501 South 1100 West
WESTVILLE, IN 46391
*PRO SE*

V.

**Defendant**

**SHANE NELSON**                represented by    **Joseph Thomas Lipps**
BBFCS ATTORNEYS
27 North 8th Street
Richmond, IN 47374
(765) 962-7527
Fax: (765) 966-4597
Email: jlipps@bbfcslaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**KRUL**                represented by    **Joseph Thomas Lipps**
*Lieutenant*                (See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**GARD**                represented by    **Joseph Thomas Lipps**
*Captain*                (See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**LEE**
*Sergeant*

represented by **Joseph Thomas Lipps**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/14/2023 | 1 | CONSENT to Prisoner E-Service by CARLTON WRIGHT located at PENDLETON CF. Pursuant to General Order 2013-1, documents submitted by CARLTON WRIGHT to the court for filing will generate a Notice of Electronic Filing that will constitute official service upon registered users of CM/ECF. If any parties to the case are not registered CM/ECF users, the Clerk of the Court will mail the document via U.S. Postal Service on behalf of the inmate. **NOTE: The E-Filing Program does not affect the obligation of other parties to serve copies of documents in accordance with the Federal Rules of Civil Procedure.** (DRB) (Entered: 03/14/2023) |
| 03/14/2023 | 2 | COMPLAINT against CECIL, MAJOR R DAVIS, DENNY, JANE/JOHN DOE, JANE/JOHN DOE, DUNLAP, DUNN, FOLEY, JENNIFER FRENCH, GARD, J. HACKER, JAMA JONES, JOSEPH, KRUL, B. LEACH, LEE, MYERS, SHANE NELSON, G. NEMORE, NYADI, M. PAGE, G. PEARSON, SAYE, MARK SEVIER, K. SMITH, SPARKS, STORM, filed by CARLTON WRIGHT. (No fee paid with this filing) (Attachments: # 1 Exhibit)(DRB) (Entered: 03/14/2023) |
| 03/14/2023 | 3 | Notice to File Rule 7.1 Disclosure Statement. (RAGS) (DRB) (Entered: 03/14/2023) |
| 03/14/2023 | 4 | MAGISTRATE JUDGE's NOTICE of Availability to Exercise Jurisdiction issued. (DRB) (Entered: 03/14/2023) |
| 03/15/2023 | 5 | NOTICE to Pro se Litigant - The following information is provided to pro se litigants to inform them about rules and procedures governing how they communicate with the Court. (MEH) (Entered: 03/15/2023) |
| 03/15/2023 | 6 | NOTICE OF DEFICIENCY - Your civil rights complaint has been received. You shall have through April 12, 2023, in which to correct the deficiencies as follows: You must either pay the 402.00 filing fee for this action or demonstrate that you lack the financial ability to do so by filing a motion for leave to proceed without the prepayment of the filing fee (*in forma pauperis*). A form motion for leave to proceed without the prepayment of the filing fee is being provided for your use. NOTE TO PRISONER - If you seek leave to proceed without prepaying the filing fee, and you are a prisoner, your motion must be accompanied by a copy of the transactions associated with your institution trust account for the 6-month period preceding the filing of this action. (Attachments: # 1 Form Motion for IFP) (MEH) (Entered: 03/15/2023) |
| 03/16/2023 | 7 | CONSENT to Jurisdiction to US Magistrate Judge by CARLTON WRIGHT. (AKH) (Entered: 03/16/2023) |
| 03/27/2023 | 9 | MOTION for Copy of Receipt, filed by Plaintiff CARLTON WRIGHT. (Attachments: # 1 Envelope)(AKH) (Entered: 03/29/2023) |
| 03/28/2023 | 8 | RECEIPT #4461 for filing fee (with overpayment) in the amount of $405.00, paid by CARLTON WRIGHT. (DJH) (Entered: 03/28/2023) |
| 03/30/2023 | 10 | ORDER Granting Motion for Copy of Receipt - The plaintiff's motion for a copy of his receipt, dkt. 9 , is granted to the extent that the clerk shall include a copy of the docket with his copy of this Order. Signed by Magistrate Judge M. Kendra Klump on 3/30/2023. (Attachments: # 1 Public Docket Sheet) (SWM) (Entered: 03/31/2023) |

Case: 26-1945 Document: 25-1 Filed: 07/31/2026 Pages: 35

| 04/11/2023 | 11 | ORDER DIRECTING REFUND - Court records indicate that plaintiff has overpaid his filing fee in the amount of $3.00. See receipt at dkt. 8 . Accordingly, the clerk is directed to issue a refund to plaintiff for that amount. The clerk shall mail a Treasury check for $3.00 to CARLTON WRIGHT at the following address (see Order). Copy to Finance Department via Email. Signed by Magistrate Judge M. Kendra Klump on 4/11/2023. (SWM) (Entered: 04/12/2023) |
|---|---|---|
| 05/04/2023 | 12 | Order Dismissing Complaint and Directing Filing of Amended Complaint - The plaintiff shall have through June 5, 2023, to file an amended complaint. In organizing his complaint, the plaintiff may benefit from using the Court's complaint form. The clerk is directed to include a copy of the prisoner civil rights complaint form along with the plaintiff's copy of this Order. SEE ORDER. Signed by Judge Tanya Walton Pratt on 5/4/2023. (Attachments: # 1 Civil Complaint Form)(KAA) (Entered: 05/04/2023) |
| 05/23/2023 | 13 | MOTION for Extension of Time to File Amended Complaint, filed by Plaintiff CARLTON WRIGHT. (Attachments: # 1 Exhibit, # 2 Text of Proposed Order)(LBT) (Entered: 05/23/2023) |
| 06/07/2023 | 14 | ORDER granting 13 Motion for Extension of Time to File an Amended Complaint to 7/28/2023. SEE ORDER. Signed by Magistrate Judge M. Kendra Klump on 6/7/2023. (JRB) (Entered: 06/07/2023) |
| 07/21/2023 | 15 | SECOND MOTION for Leave to Proceed in forma pauperis, filed by Plaintiff CARLTON WRIGHT. (Attachments: # 1 Exhibit - Resident Activity Report)(SWM) (Entered: 07/26/2023) |
| 07/21/2023 | 16 | AMENDED COMPLAINT against KRUL, SHANE NELSON, NYADI, SPARKS, filed by CARLTON WRIGHT.(TPS) (Entered: 07/26/2023) |
| 07/21/2023 | 17 | MOTION for Leave to Proceed in forma pauperis, filed by Plaintiff CARLTON WRIGHT. (Attachments: # 1 Exhibit)(TPS) (Entered: 07/26/2023) |
| 07/21/2023 | 18 | Second AMENDED COMPLAINT against MAJOR R DAVIS, DENNY, DUNN, JENNIFER FRENCH, GARD, JOSEPH, G. PEARSON, MARK SEVIER, filed by CARLTON WRIGHT.(TPS) (Entered: 07/26/2023) |
| 07/26/2023 | 20 | MOTION for Leave to Proceed in forma pauperis, filed by Plaintiff CARLTON WRIGHT. (Attachments: # 1 Exhibit)(AAS) (Entered: 07/31/2023) |
| 07/26/2023 | 21 | AMENDED COMPLAINT against All Defendants, filed by CARLTON WRIGHT.(AAS) (Entered: 07/31/2023) |
| 07/26/2023 | 22 | Second AMENDED COMPLAINT against KRUL, SHANE NELSON, NYADI, SPARKS, filed by CARLTON WRIGHT.(TPS) (Entered: 07/31/2023) |
| 07/28/2023 | 19 | ORDER denying 15 and 17 Motions for Leave to Proceed in forma pauperis - SEE ORDER. Signed by Judge Tanya Walton Pratt on 7/28/2023. (JRB) (Entered: 07/28/2023) |
| 07/28/2023 | 23 | MOTION for Leave to Proceed in forma pauperis, filed by Plaintiff CARLTON WRIGHT. (Attachments: # 1 Exhibit)(TPS) (Entered: 07/31/2023) |
| 08/01/2023 | 24 | MOTION to Amend Complaint and Clarify, filed by Plaintiff CARLTON WRIGHT. (Attachments: # 1 Proposed Amended Complaint)(JRB) (Entered: 08/01/2023) |
| 08/03/2023 | 25 | Order Granting Motion to Amend and Clarify and Directing Opening of New Civil Actions - In the motion to amend and clarify, Mr. Wright explains that the proposed amended complaints filed on July 21, 2023, were intended to be filed as new lawsuits. Accordingly, the motion to amend and clarify, dkt. 24 , is **GRANTED**. The **clerk shall open two new civil actions** consistent with the following: SEE ORDER. The third |

proposed amended complaint, dkt. 24 -1, is understood to be intended to be the amended complaint in this case and the Court will screen it as required by 28 U.S.C. § 1915A separately. (See Order.) Signed by Judge Tanya Walton Pratt on 8/3/2023. (JSR) (Entered: 08/03/2023)

| | | |
|---|---|---|
| 11/02/2023 | 26 | Order Screening Amended Complaint and Directing Further Proceedings: The claims which shall proceed are the following. Wright's claim that he was assaulted by another inmate despite his complaints of fear shall proceed against defendants Ms. Jones, Mr. Nelson, Lieutenant Krul, Sergeant Saye, Officer Leach, Officer Myers, and Officer Dunlap under the Eighth Amendment. This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have through November 28, 2023, in which to identify those claims. The clerk is directed to terminate the following defendants on the docket: Mark Sevier, Jennifer French, Major Davis, M. Page, J. Hacker, K. Smith, G. Nemore, Mr. Denny, Mr. Joseph, Lieutenant Storm, Sergeant Sparks, Sergeant Nyadi, Officer Dun, and all Jane or John Doe defendants. The clerk shall re-docket the proposed amended complaint, dkt. [24-1], as the amended complaint. The clerk is directed pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to the defendants in the manner specified by Rule 4(d). Process shall consist of the amended complaint, dkt [24-1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order. See order for details. Signed by Judge Tanya Walton Pratt on 11/2/2023. Copies mailed per Distribution list. (LF) Modified on 11/2/2023 (LF). (Entered: 11/02/2023) |
| 11/02/2023 | 27 | NOTICE of Lawsuit & Waiver Issued by Clerk to 1) Jama Jones; 2) Shane Nelson; 3) Lieutenant Krul; 4) Sergeant Saye; 5) Officer B. Leach; 6) Officer Myers; 7) Officer Dunlap; 8) Mrs. Cecil; 9) Sergeant Lee; 10) Captain Gard; 11) Officer Foley. (LF) (Entered: 11/02/2023) |
| 11/02/2023 | 28 | AMENDED COMPLAINT against All Defendants, filed by CARLTON WRIGHT. (LF) (Entered: 11/02/2023) |
| 11/14/2023 | 29 | Mail Returned as undeliverable/No Longer in Custody. 26 Order, 28 Amended Complaint, 27 NOTICE of Lawsuit & Waiver Issued by Clerk sent to Officer FOLEY, Captain GARD, JAMA JONES, Officer B. LEACH, Sergeant LEE at New Castle Correctional Facility, 1000 Van Nuys Rd, New Castle, IN 47362. (LF) Modified on 11/15/2023 (LF). (Entered: 11/15/2023) |
| 11/30/2023 | 30 | Correspondence REQUESTING COPY of Case Docket Sheet, filed by Carlton Wright. (Attachments: # 1 Docket Sheet) (JRB) (Entered: 11/30/2023) |
| 12/04/2023 | 31 | NOTICE of Appearance by Joseph Thomas Lipps on behalf of Defendants CECIL, DUNLAP, KRUL, MYERS, SHANE NELSON, SAYE. (Lipps, Joseph) (Entered: 12/04/2023) |
| 12/04/2023 | 32 | WAIVER OF SERVICE Returned Executed, filed by SAYE, SHANE NELSON, DUNLAP, KRUL, MYERS, CECIL. SAYE waiver sent on 11/2/2023; SHANE NELSON waiver sent on 11/2/2023; DUNLAP waiver sent on 11/2/2023; KRUL waiver sent on 11/2/2023; MYERS waiver sent on 11/2/2023; CECIL waiver sent on 11/2/2023. (Lipps, Joseph) (Entered: 12/04/2023) |
| 12/13/2023 | 33 | NOTICE of Appearance by Joseph Thomas Lipps on behalf of Defendants GARD, B. LEACH, LEE. (Lipps, Joseph) (Entered: 12/13/2023) |
| 12/13/2023 | 34 | WAIVER OF SERVICE Returned Executed, filed by GARD, B. LEACH, LEE. GARD waiver sent on 11/2/2023; B. LEACH waiver sent on 11/2/2023; LEE waiver sent on 11/2/2023. (Lipps, Joseph) (Entered: 12/13/2023) |

Case: 26-1945     Document: 25-1     Filed: 07/31/2026     Pages: 35

| 01/02/2024 | 35 | ANSWER to 28 Amended Complaint , filed by CECIL, DUNLAP, GARD, KRUL, B. LEACH, LEE, MYERS, SHANE NELSON, SAYE.(Lipps, Joseph) (Entered: 01/02/2024) |
|---|---|---|
| 01/19/2024 | 36 | Correspondence REQUESTING COPY of Case Docket Sheet, filed by CARLTON WRIGHT. (Attachments: # 1 Public Docket Sheet) (JSR) (Entered: 01/22/2024) |
| 02/08/2024 | 37 | Entry Directing Development of Exhaustion Defense and Issuing Partial Stay: The defendants have asserted the affirmative defense that the plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit as required by the Prison Litigation Reform Act. This defense must be resolved before reaching the merits of this case. See Pavey v. Conley, 544 F.3d 739, 742 (7th Cir. 2008); Perez v. Wis. Dep't of Corr., 182 F.3d 532, 536 (7th Cir. 1999). The exhaustion defense will be resolved pursuant to the following schedule. The defendants shall have through March 20, 2024, in which to either: SEE ORDER. Signed by Magistrate Judge M. Kendra Klump on 2/8/2024.(LF) (Entered: 02/09/2024) |
| 03/05/2024 | 38 | ORDER Again Directing Issuance of Service - Notice of Lawsuit and Request to Waive Service of a Summons forms sent to the defendants have not been returned. The clerk is again directed pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to these defendants in the manner specified by Rule 4(d). Process shall consist of the amended complaint, dkt. 28 , the screening order, dkt. 26 , applicable forms (Notice of Lawsuit and Request for Wavier of Service of Summons and Waiver of Service of Summons), and this Order. See order for details. Signed by Magistrate Judge M. Kendra Klump on 3/5/2024 (Copies mailed per distribution list).(LBT) (Entered: 03/06/2024) |
| 03/06/2024 | 39 | NOTICE of Lawsuit & Waiver Issued by Clerk to 1) Jama Jones; 2) Officer Foley (LBT) (Entered: 03/06/2024) |
| 03/29/2024 | 40 | Mail Returned as undeliverable. 39 NOTICE of Lawsuit & Waiver Issued by Clerk, 38 Order sent to JAMA JONES at New Castle Correctional Facility. (LF) (Entered: 04/01/2024) |
| 04/29/2024 | 41 | Mail Returned as undeliverable. 39 NOTICE of Lawsuit & Waiver Issued by Clerk, 38 Order sent to Officer FOLEY at New Castle Correctional Facility. (LF) (Entered: 04/29/2024) |
| 06/03/2024 | 42 | MOTION (Letter) for Service by Postal Mail, filed by Plaintiff CARLTON WRIGHT. (Attachments: # 1 Envelope)(DWH) (Entered: 06/05/2024) |
| 06/13/2024 | 43 | ORDER granting 42 Plaintiff's Motion to revoke his consent to participate in the E-Service program. Plaintiff will no longer receive electronic service of documents from the Court. Service to Plaintiff will be by U.S. Mail from this point forward to the address in the Distribution list, below. The clerk shall update the docket accordingly. In addition, the clerk is directed to enclose a public docket sheet with Plaintiff's copy of this Order. See Order. Signed by Magistrate Judge M. Kendra Klump on 6/13/2024. (Attachments: # 1 Public Docket Sheet) (KAA) Copies mailed to plaintiff. (Entered: 06/17/2024) |
| 06/17/2024 | 44 | ORDER - Notice of Lawsuit and Request to Waive Service of a Summons forms sent to Defendants Jama Jones and Officer Foley have been returned undelivered. The Defendants who have appeared shall have through July 8, 2024, to notify the Court of a last known address at which these defendants can be served with the complaint. Signed by Magistrate Judge M. Kendra Klump on 6/17/2024 (Copy mailed to Plaintiff).(LBT) (Entered: 06/18/2024) |
| 06/17/2024 | 45 | Order Withdrawing Exhaustion Defense - The deadline has passed with no response. Accordingly, the Court concludes that the exhaustion defense has been ABANDONED and therefore is WITHDRAWN. The Court will issue a schedule directing the further |

development of this action separately. Copy to Plaintiff via US Mail. Signed by Judge Tanya Walton Pratt on 06/17/2024.(AAS) (Entered: 06/18/2024)

| 06/18/2024 | 46 | MOTION for Scheduling Conference, filed by Plaintiff CARLTON WRIGHT. (LBT) (Entered: 06/18/2024) |
| --- | --- | --- |
| 06/24/2024 | 47 | ORDER SETTING PRETRIAL SCHEDULE AND DISCUSSING DISCOVERY IN PRISONER LITIGATION: The plaintiff's motion for a scheduling conference, Dkt. 46 , is GRANTED consistent with the following. This Order sets the schedule for how this action shall proceed. Part I sets forth the pretrial deadlines. Part II discusses various aspects of discovery. Facilitating the discovery process can be difficult, and this Order is issued in an effort to help explain and streamline the process for the parties. The parties should carefully read this Order. *SEE ORDER FOR ADDITIONAL INFORMATION*. Dispositive Motions due by 1/20/2025. Discovery due by 12/18/2024. Copy sent to Plaintiff via US Mail. Signed by Magistrate Judge M. Kendra Klump on 6/24/2024. (Blankenberger, Jonathan) (Entered: 06/26/2024) |
| 06/26/2024 | 48 | ORDER SETTING TELEPHONIC INITIAL PRETRIAL CONFERENCE - This case is set for a telephonic initial pretrial conference on August 22, 2024, at 9:30 a.m. (Eastern), with Magistrate Judge M. Kendra Klump. The Court will contact counsel by separate email through the Court's electronic filing system with the call-in information to be used to participate in the conference. The Court will contact staff at the Pendleton Correctional Facility by separate email with the call-in information to be used to connect Mr. Wright to the conference. Copy sent to Plaintiff via US Mail. Signed by Magistrate Judge M. Kendra Klump on 6/26/2024.(Blankenberger, Jonathan) (Entered: 06/27/2024) |
| 06/26/2024 | 49 | ORDER to PRODUCE INMATE. Warden of Pendleton Correctional Facility ordered to produce Carlton Wright for court proceeding on 8/22/2024 at 9:30 am EST. Copy sent to Plaintiff via US Mail. Signed by Magistrate Judge M. Kendra Klump on 6/26/2024. Electronic notice to USM-W.(Blankenberger, Jonathan) (Entered: 06/27/2024) |
| 07/02/2024 | 50 | (Ex Parte) *** EX-PARTE *Filing in Compliance with Court's Entry*, re 44 Order, filed by Defendants CECIL, DUNLAP, GARD, KRUL, B. LEACH, LEE, MYERS, SHANE NELSON, SAYE. (Attachments: # 1 Exhibit A-Addresses of Jones and Foley)(Lipps, Joseph) (Entered: 07/02/2024) |
| 07/08/2024 | 51 | Order Directing Re-Issuance of Service - Notice of Lawsuit and Request to Waive Service of a Summons forms sent to defendants Jama Jones and Officer Foley have not been returned. The defendants who have appeared have provided addresses at which they can be reached. Accordingly, the clerk is again directed pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to the defendants in the manner specified by Rule 4(d). Process shall consist of the amended complaint, (dkt. 28 ), applicable forms (Notice of Lawsuit and Request for Wavier of Service of Summons and Waiver of Service of Summons), and the Court's screening order, (dkt. 26 ). Copy sent to distribution list via US Mail. Signed by Magistrate Judge M. Kendra Klump on 7/8/2024.(JRB) (Entered: 07/08/2024) |
| 07/08/2024 | 52 | NOTICE of Lawsuit & Waiver Issued by Clerk as to 1) Jama Jones; and 2) Casey Foley. (JRB) (Entered: 07/08/2024) |
| 08/19/2024 | 53 | NOTICE of Service of Initial Disclosures , filed by Defendants CECIL, DUNLAP, GARD, KRUL, B. LEACH, LEE, MYERS, SHANE NELSON, SAYE. (Lipps, Joseph) (Entered: 08/19/2024) |
| 08/20/2024 | 54 | Entry Directing Issuance and Service of Summons - In an effort to conserve resources, the court attempted to utilize the waiver of service provisions of Rule 4(d) of the Federal Rules of Civil Procedure. That process has been unsuccessful as to Jama Jones and Casey Foley. The clerk is designated, pursuant to Fed. R. Civ. P. 4(c)(3), to issue process to the defendants Jama Jones and Casey Foley. Process shall consist of a summons. The |

Case: 26-1945          Document: 25-1          Filed: 07/31/2026          Pages: 35

Marshal for this District or his Deputy shall serve the summons, together with a copy of the amended complaint, (Dkt. 28 ), and a copy of this Order, on the defendants, at the expense of the United States. Copy to Plaintiff via US mail. Signed by Magistrate Judge M. Kendra Klump on 08/20/2024. (AJG) (Entered: 08/21/2024)

| | | |
|---|---|---|
| 08/21/2024 | 55 | AMENDED SCHEDULING ORDER - Telephonic Initial Pretrial Conference currently set for 8/22/2024 at 9:30 AM (Eastern) is VACATED and reset for 8/23/2024 at 9:00 AM (Eastern Time) before Magistrate Judge M. Kendra Klump. **TEXT ONLY ENTRY**Signed by Magistrate Judge M. Kendra Klump on 8/20/2024.(BAS) (Entered: 08/21/2024) |
| 08/21/2024 | 56 | NOTICE of Teleconference Call-in Information for Telephonic Initial Pretrial Conference set for 8/23/2024 at 9:00 AM (Eastern Time) before Magistrate Judge M. Kendra Klump. **Counsel** are to call **571-353-2301** to participate in the conference. Callers will be required to enter **Meeting ID 686088371** before being connected to the conference call. Call-in information is to be used by COUNSEL ONLY. (TEXT-ENTRY: There is no pdf document associated with this entry.) (BAS) (Entered: 08/21/2024) |
| 08/21/2024 | 57 | Summons Issued as to FOLEY, JAMA JONES. (Attachments: # 1 USM 285 Form Jones, # 2 USM 285 Form Foley)(AJG) (Entered: 08/21/2024) |
| 08/21/2024 | 58 | Amended ORDER to Make Inmate Available - via Telephone. Warden of Pendleton Correctional Facility ordered to make Carlton Wright (208902) Available - via Telephone for court proceeding on 8/23/2024 at 9:00 a.m. (Eastern). The Court will contact Pendleton Correctional Facility staff by separate email with the information to be used to connect Mr. Wright to the conference. Copy to plaintiff via US Mail. Signed by Magistrate Judge M. Kendra Klump on 8/21/2024.(KAA) (Entered: 08/21/2024) |
| 08/21/2024 | 59 | Documents for service by USM - re 57 Summons Issued, 28 Amended Complaint, 54 Order. Electronic notice to USM-C.(AJG) (Entered: 08/21/2024) |
| 08/30/2024 | 60 | MINUTE ORDER for Telephonic Status Conference held before Magistrate Judge M. Kendra Klump on 8/23/2024. Telephonic Status Conference set for 12/3/2024 at 10:30 AM (Eastern Time) before Magistrate Judge M. Kendra Klump. See Minute Order for further information. Copy, Dkt. 47 & Docket Sheet mailed to Plaintiff. Signed by Magistrate Judge M. Kendra Klump. (BAS). (Entered: 08/30/2024) |
| 08/30/2024 | 61 | ORDER to PRODUCE INMATE. Warden of Pendleton Correctional Facility ordered to produce Carlton Wright for court proceeding on 12/3/2024.Signed by Magistrate Judge M. Kendra Klump on 8/30/2024. Electronic notice to USM-W.(BAS) (Entered: 08/30/2024) |
| 08/30/2024 | 62 | ORDER REGARDING DISCOVERY DISPUTES - SEE ORDER. Copy sent Plaintiff via US Mail.Signed by Magistrate Judge M. Kendra Klump on 8/30/2024.(BAS) (Entered: 08/30/2024) |
| 08/30/2024 | 63 | ORDER REGARDING PROTECTIVE ORDERS - A motion for the entry of an agreed protective order should be filed as soon as practicable, but in any event no later than 14 days prior to the original due date for any discovery response with regard to which the responding party proposes to rely upon the protective order when responding. SEE ORDER. Copy sent to Plaintiff via US Mail. Signed by Magistrate Judge M. Kendra Klump on 8/30/2024.(BAS) (Entered: 08/30/2024) |
| 11/13/2024 | 66 | NOTICE of Teleconference Call-in Information for Telephonic Status Conference set for 12/3/2024 at 10:30 AM (Eastern Time) before Magistrate Judge M. Kendra Klump. **Counsel** are to call **571-353-2301** to participate in the conference. Callers will be required to enter **Meeting ID 686691838** before being connected to the conference call. Call-in |

information is to be used by COUNSEL ONLY. (TEXT-ENTRY. There is no pdf document associated with this entry.) (BAS) (Entered: 11/13/2024)

| | | |
|---|---|---|
| 11/18/2024 | 67 | NOTICE *Concerning Settlement Conference*, filed by Defendants CECIL, KRUL, GARD, SAYE, LEE, B. LEACH, DUNLAP, MYERS, SHANE NELSON, re 47 Order Setting Pretrial Schedule and Discussing Discovery in Prisoner Litigation. (Lipps, Joseph) (Entered: 11/18/2024) |
| 11/18/2024 | 68 | Correspondence REQUESTING COPY of Case Docket Sheet, filed by Carlton Wright. Copy/Copies provided via US Mail. (Attachments: # 1 Envelope, # 2 Public Docket Sheet) (AAS) (Entered: 11/20/2024) |
| 12/05/2024 | 69 | MINUTE ORDER for Telephonic Status Conference held before Magistrate Judge M. Kendra Klump on 12/3/2024. See Minute Order for further information and deadlines. Signed by Magistrate Judge M. Kendra Klump. (BAS) Copy sent to Plaintiff via U.S. mail. (Entered: 12/06/2024) |
| 12/23/2024 | 70 | MOTION to Compel, filed by Plaintiff CARLTON WRIGHT. (Attachments: # 1 Exhibits)(KAA) (Entered: 12/30/2024) |
| 01/20/2025 | 71 | NOTICE of Parties' First Extension of Time re Responding to any written request for discovery or admission, filed by Defendants CECIL, KRUL, GARD, SAYE, LEE, B. LEACH, DUNLAP, MYERS, SHANE NELSON. (Lipps, Joseph) (Entered: 01/20/2025) |
| 01/23/2025 | 72 | RESPONSE in Opposition re 70 MOTION to Compel , filed by Defendants CECIL, KRUL, GARD, SAYE, LEE, B. LEACH, DUNLAP, MYERS, SHANE NELSON. (Attachments: # 1 Exhibit A- First Set of Interrogatories to Defendants)(Lipps, Joseph) (Entered: 01/23/2025) |
| 02/11/2025 | 73 | ORDER - This matter is before the Court on pro se Plaintiff's Motion to Compel, Dkt. 70 . Plaintiff has not filed any certifications to verify his attempts to obtain the requested discovery. Furthermore, Defendants respond that they did not receive the discovery requests nor any "meet and confer" letters. (Dkt. 72 at 3). Therefore, Plaintiff's Motion is DENIED WITHOUT PREJUDICE. Signed by Magistrate Judge M. Kendra Klump on 2/11/2025. (See Order.) Copy mailed to Plaintiff. (BAA) (Entered: 02/11/2025) |
| 03/20/2025 | 74 | MOTION for Extension of Time to March 28, 2025 in which to 69 Status ConferenceSet DeadlinesTerminate Deadlines *File Motions for Summary Judgment*, filed by Defendants CECIL, DUNLAP, GARD, KRUL, B. LEACH, LEE, MYERS, SHANE NELSON, SAYE. (Attachments: # 1 Text of Proposed Order)(Lipps, Joseph) (Entered: 03/20/2025) |
| 03/26/2025 | 75 | ORDER granting 74 Motion for Extension of Deadline for Filing of Motions for Summary Judgment - IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the deadline for those Defendants to file motions for summary judgment is extended up to and including March 28, 2025. Signed by Magistrate Judge M. Kendra Klump on 03/26/2025. Copy to Plaintiff via US Mail.(AAS) (Entered: 03/26/2025) |
| 03/28/2025 | 76 | MOTION for Summary Judgment , filed by Defendants CECIL, DUNLAP, GARD, KRUL, B. LEACH, LEE, MYERS, SHANE NELSON, SAYE. (Attachments: # 1 Text of Proposed Order)(Lipps, Joseph) (Entered: 03/28/2025) |
| 03/28/2025 | 77 | BRIEF/MEMORANDUM in Support re 76 MOTION for Summary Judgment , filed by Defendants CECIL, DUNLAP, GARD, KRUL, B. LEACH, LEE, MYERS, SHANE NELSON, SAYE. (Lipps, Joseph) (Entered: 03/28/2025) |
| 03/28/2025 | 78 | Designation of Evidence re 77 Brief/Memorandum in Support, 76 MOTION for Summary Judgment , filed by Defendants CECIL, DUNLAP, GARD, KRUL, B. LEACH, LEE, MYERS, SHANE NELSON, SAYE. (Attachments: # 1 Exhibit A- Affidavit of Shane Nelson,, # 2 Exhibit B- Grievance # 122186 Bed Move Grievance,, # 3 Exhibit C- |

| | | |
|---|---|---|
| | | SRR Description.6.2.2021, # 4 Exhibit D- Affidavit of Jeff Myers, # 5 Exhibit E- Affidavit of Officer Dunlap, # 6 Exhibit F- Affidavit of Glenda Cecil, # 7 Exhibit G- Affidavit of Joe Lee, # 8 Exhibit H- Affidavit of Breanna Leach, # 9 Exhibit I- Affidavit of Voyle Gard, # 10 Exhibit J- Affidavit of Sgt. Seye, # 11 Exhibit K- Affidavit of Lt. Michael Krull, # 12 Exhibit L- History of Offender Grievances)(Lipps, Joseph) (Entered: 03/28/2025) |
| 03/28/2025 | 79 | NOTICE *Regarding Right to Respond to and Submit Evidence in Opposition to Motion for Summary Judgment*, filed by Defendants CECIL, DUNLAP, GARD, KRUL, B. LEACH, LEE, MYERS, SHANE NELSON, SAYE, re 78 Designation of Evidence, 77 Brief/Memorandum in Support, 76 MOTION for Summary Judgment . (Lipps, Joseph) (Entered: 03/28/2025) |
| 03/31/2025 | 80 | Witness List *Preliminary*, filed by Defendants CECIL, DUNLAP, GARD, KRUL, B. LEACH, LEE, MYERS, SHANE NELSON, SAYE. (Lipps, Joseph) (Entered: 03/31/2025) |
| 04/30/2025 | 81 | MOTION for Extension of Time, filed by Plaintiff CARLTON WRIGHT. (Attachments: # 1 Exhibit)(JRB) Modified on 5/7/2025 - Updated filing event (JSR). (Entered: 05/01/2025) |
| 05/01/2025 | 82 | NOTICE to the Court, filed by Plaintiff CARLTON WRIGHT. (BAA) (Entered: 05/02/2025) |
| 05/07/2025 | 83 | ORDER - Before the Court is Plaintiff's Motion to Request Enlargement of Time to Respond to Defendant's Summary of Judgment, Dkt. 81 . The Court GRANTS the Motion. The deadline for Plaintiff to file his response to the motion for summary judgment, (Dkt. 76 ), is extended up to and including May 23, 2025. Signed by Magistrate Judge M. Kendra Klump on 5/7/2025. Copy to Plaintiff via US mail. (JSR) (Entered: 05/07/2025) |
| 05/27/2025 | 84 | RESPONSE in Opposition to 76 MOTION for Summary Judgment, filed by Plaintiff CARLTON WRIGHT. (TPS) (Entered: 05/29/2025) |
| 05/27/2025 | 85 | MEMORANDUM in Support of 84 RESPONSE in Opposition to 76 MOTION for Summary Judgment, filed by Plaintiff CARLTON WRIGHT. (TPS) (Entered: 05/29/2025) |
| 05/27/2025 | 86 | Designation of Evidence re 85 MEMORANDUM in Support of 84 RESPONSE in Opposition to 76 MOTION for Summary Judgment, filed by Plaintiff CARLTON WRIGHT. (TPS) (Entered: 05/29/2025) |
| 05/27/2025 | 87 | MOTION for Copies, filed by Plaintiff CARLTON WRIGHT. (TPS) (Entered: 05/29/2025) |
| 06/04/2025 | 88 | ORDER - Before the Court is Plaintiff's Motion for Copies, Dkt. 87 . Plaintiff requests the Court send him "a copy of all the included material herein[.]" The Court GRANTS Plaintiff's Motion to the extent it directs the Clerk to send Plaintiff copies of the docket as well as Docket Nos. 84-86 with his copy of this Order. As to Plaintiff's request that a copy of the materials be sent to Defense counsel, the documents have been entered on the docket and Defense counsel has access to them. Signed by Magistrate Judge M. Kendra Klump on 6/4/2025. Copy to Plaintiff via US Mail. (Attachments: # 1 Public Docket Sheet, # 2 Dkt. 84 , # 3 Dkt. 85 , # 4 Dkt. 86 ) (AAS) (Entered: 06/04/2025) |
| 06/23/2025 | 89 | NOTICE of Change of Address for CARLTON WRIGHT to Westville Correctional Facility. (AAS) (Entered: 06/24/2025) |

Case: 26-1945     Document: 25-1     Filed: 07/31/2026     Pages: 35

| 06/27/2025 | 90 | MOTION for Copies, filed by Plaintiff CARLTON WRIGHT. (AJG) (Entered: 06/30/2025) |
|---|---|---|
| 07/07/2025 | 91 | ORDER - Before the Court is Plaintiff's Motion for Copies, Dkt. 90 . Plaintiff requests the Court send him copies of his opposition to summary judgment and his motion for extension of time to respond to Defendants' motion for summary judgment. (Id.). Plaintiff's Motion is GRANTED. Although the Court granted a similar request on June 4, 2025, (Dkt. 88 ), Plaintiff has since been transferred to a different facility. As such, the Clerk is directed to send Plaintiff copies of the docket as well as Docket Nos. 81 , 84 , 85 , and 86 with his copy of this Order. Copies to Plaintiff via US mail. Signed by Magistrate Judge M. Kendra Klump on 07/07/2025. (AJG) (Entered: 07/08/2025) |
| 10/27/2025 | 92 | SCHEDULING ORDER - Due to the age of this case, the Court hereby sets the final pretrial conference on Wednesday, January 21, 2026 at 2:00 p.m. in Courtroom 344, and the bench trial to begin on Tuesday, February 17, 2026 at 9:00 a.m. in Courtroom 344, Birch Bayh Federal Building and United States Courthouse, 46 East Ohio Street, Indianapolis, Indiana. The final pretrial conference is for attorneys and Plaintiff Carlton Wright only. At the final pretrial conference, parties shall be prepared to discuss the status of the action, including all matters requiring completion prior to trial. Parties shall review the Court's Courtroom Procedures and Trial Practice. The clerk is directed to mail a copy of the Court's Courtroom Procedures and Trial Practice to Plaintiff Carlton Wright with the distribution of this order. Signed by District Judge Tanya Walton Pratt on 10/27/2025. (See Order.) Copies mailed to Plaintiff. (BAA) (Entered: 10/27/2025) |
| 10/27/2025 | 93 | COURTROOM PROCEDURES AND TRIAL PRACTICES before District Judge Tanya Walton Pratt. (BAA) (Entered: 10/27/2025) |
| 10/28/2025 | 94 | SCHEDULING ORDER: Telephonic Status Conference set for 10/31/2025 at 3:00 PM (Eastern Time) before Magistrate Judge M. Kendra Klump. See Scheduling Order for further information.Signed by Magistrate Judge M. Kendra Klump on 10/28/2025.(BAS) Copy mailed to Plaintiff (BAS). (Entered: 10/28/2025) |
| 10/28/2025 | 95 | NOTICE of Teleconference Call-in Information for Telephonic Status Conference set for 10/31/2025 at 3:00 PM (Eastern Time) before Magistrate Judge M. Kendra Klump. **Counsel** are to call **571-353-2301** to participate in the conference. Callers will be required to enter **Meeting ID 686088371** before being connected to the conference call. Call-in information is to be used by COUNSEL ONLY. (TEXT-ENTRY: There is no pdf document associated with this entry.) (BAS) (Entered: 10/28/2025) |
| 10/28/2025 | 96 | ORDER to Make Inmate Available - via Telephone. Warden of Westville Correctional Facility ordered to make Carlton Wright Available - via Telephone for court proceeding on 10/31/2025 at 3:00 PM (Eastern). Signed by Magistrate Judge M. Kendra Klump on 10/28/2025.(BAS) Copy mailed to Plaintiff and emailed to Westville (BAS). (Entered: 10/28/2025) |
| 11/04/2025 | 97 | MINUTE ORDER for Telephonic Status Conference held before Magistrate Judge M. Kendra Klump on 10/31/2025. Telephonic Status Conference set for 12/15/2025 at 3:00 PM (Eastern Time) before Magistrate Judge M. Kendra Klump. See Minute Order for further information. Signed by Magistrate Judge M. Kendra Klump. Copy mailed to Plaintiff. (BAS) (Entered: 11/05/2025) |
| 11/04/2025 | 98 | NOTICE of Teleconference Call-in Information for Telephonic Status Conference set for 12/15/2025 at 3:00 PM (Eastern Time) before Magistrate Judge M. Kendra Klump. **Counsel** are to call **571-353-2301** to participate in the conference. Callers will be required to enter **Meeting ID 686088371** before being connected to the conference call. Call-in information is to be used by COUNSEL ONLY. (TEXT-ENTRY: There is no pdf document associated with this entry.) (BAS) (Entered: 11/05/2025) |

Case: 26-1945     Document: 25-1     Filed: 07/31/2026     Pages: 35

| 11/05/2025 | 99 | ORDER to Make Inmate Available - via Telephone. Warden of Westville Correctional Facility ordered to make Carlton Wright Available - via Telephone for court proceeding on 12/15/2025 at 3:00 PM (Eastern). Signed by Magistrate Judge M. Kendra Klump on 11/5/2025. Copy mailed to Plaintiff. Emailed to WCF.(BAS) (Entered: 11/05/2025) |
|---|---|---|
| 11/19/2025 | 100 | Correspondence REQUESTING COPY of Case Docket Sheet, filed by CARLTON WRIGHT. Copy/Copies provided via US Mail. (Attachments: # 1 Public Docket Sheet) (SAM) (Entered: 11/24/2025) |
| 12/01/2025 | 101 | MOTION for Copies, filed by Plaintiff CARLTON WRIGHT. (SAM) (Entered: 12/03/2025) |
| 12/12/2025 | 102 | ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - This matter is before the Court on a Motion for Summary Judgment filed by Defendants Shane Nelson, Glenda Cecil, Michael Krul, Voyle Gard, Alassane Seye Joe Lee, B. Lech, Lashawna Dunlap and Jeff Myers. (Dkt. 76 ). The Defendants' motion for summary judgment, Dkt. 76 , is GRANTED IN PART AND DENIED IN PART. Summary judgment is granted for Lieutenant Krul, Sergeant Seye, Officer Myers, and Officer Dunlap on the claim that they failed to intervene in the fight between Mr. Dorsey and Mr. Wright. Mrs. Cecil is granted summary judgment on Mr. Wright's failure-to-protect claim against her. The clerk shall terminate Breanna Leach, Glenda Cecil, Jeff Myers, Lashawna Dunlap, Joe Lee, and Voyle Gard as defendants. The clerk is also directed to update the docket to reflect that the correct name of the Defendant identified as "Saye" is "Alassane Seye." Further, Court notes that the Marshal Service attempted to serve Jama Jones and Officer Foley without success. The Court finds that these efforts, although unsuccessful, were reasonable and sufficient. Mr. Wright shall therefore have through December 30, 2025, to show why the claims against them should not be dismissed without prejudice. The Court prefers that Mr. Wright be represented by counsel for the remainder of this action. The clerk is directed to send Mr. Wright a motion for assistance recruiting counsel with his copy of this Order. Mr. Wright shall have through December 30, 2025, to file a motion for counsel using this form motion or to inform the Court that he wishes to proceed pro se. Signed by District Judge Tanya Walton Pratt on 12/12/2025. (See Order.) Copies mailed to Plaintiff. (Attachments: # 1 Pro Se Recruited Counsel) (BAA) (Entered: 12/12/2025) |
| 12/17/2025 | 103 | MINUTE ORDER for Telephonic Status Conference held before Magistrate Judge M. Kendra Klump on 12/15/2025. See Minute Order for further information and deadlines. Signed by Magistrate Judge M. Kendra Klump. Copy mailed to Plaintiff. (BAS) (Entered: 12/17/2025) |
| 12/17/2025 | 104 | ORDER - The Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment erroneously directed the clerk to terminate Joe Lee and Voyle Gard as defendants. (Dkt. 102 at 12). Therefore, the clerk is directed to add Voyle Gard and Joe Lee as defendants on the docket. Copy sent to Plaintiff via US Mail. Signed by District Judge Tanya Walton Pratt on 12/17/2025.(JRB) (Entered: 12/18/2025) |
| 12/19/2025 | 105 | FINAL PRE-TRIAL CONFERENCE ORDER - This matter is scheduled for trial by Court on February 17, 2026, in Courtroom 344, United States Courthouse, 46 E. Ohio Street, Indianapolis, IN 46204, on pro se Plaintiff Carlton Wright's failure-to-protect and retaliation claims. The final pre-trial conference in this action is scheduled for 2:00 p.m. on January 21, 2026, in Room 344. The purpose of this conference is to make final preparations for trial. To facilitate the conference, and ultimately the trial, the Court now ORDERS as follows. Mr. Wright has until today, December 19, 2025, to advise the Court if he would like recruited counsel. While he is self-represented, Mr. Wright is responsible for meeting the deadlines set in this Order. *** SEE ORDER ***. Signed by District |

Case: 26-1945       Document: 25-1       Filed: 07/31/2026       Pages: 35

| | | Judge Tanya Walton Pratt on 12/19/2025. (CKM) Copy Mailed to Plaintiff via U.S. Mail. (Entered: 12/19/2025) |
|---|---|---|
| 12/31/2025 | 106 | RESPONSE re Counsel to 105 FINAL PRE-TRIAL CONFERENCE ORDER, filed by Plaintiff CARLTON WRIGHT. (SAM) (Entered: 12/31/2025) |
| 01/12/2026 | 107 | ORDER to PRODUCE INMATE - Warden of Westville Correctional Facility ordered to produce CARLTON WRIGHT for court proceeding on 1/21/2026. (See Order.) Signed by District Judge Tanya Walton Pratt on 1/12/2026. Copies distributed pursuant to distribution list. Electronic notice to USM-W. (JSR) (Entered: 01/12/2026) |
| 01/12/2026 | 108 | ORDER to PRODUCE INMATE - Warden of Westville Correctional Facility ordered to produce CARLTON WRIGHT for court proceeding on 2/17/2026. (See Order.) Signed by District Judge Tanya Walton Pratt on 1/12/2026. Copies distributed pursuant to distribution list. Electronic notice to USM-W. (JSR) (Entered: 01/12/2026) |
| 01/12/2026 | 109 | Order Denying Request for Assistance with Recruiting Counsel - This matter is before the Court on the "Important Notice to the Court" filed by plaintiff Carlton Wright. (Dkt. 106 ). In his Notice, Mr. Wright states that he would like the Court to recruit counsel to represent him for the upcoming trial. Mr. Wright's request in his Notice, that the Court recruit counsel to represent him, Dkt. 106 , is DENIED. (See Order.) Signed by District Judge Tanya Walton Pratt on 1/12/2026. Copy to Plaintiff via US mail. (JSR) (Entered: 01/12/2026) |
| 01/13/2026 | 110 | RESPONSE to 105 FINAL PRE-TRIAL CONFERENCE ORDER, filed by Plaintiff CARLTON WRIGHT. (Attachments: # 1 Exhibits, # 2 Cover Letter)(SAM) (Entered: 01/15/2026) |
| 01/15/2026 | 111 | ORDER - In Order of December 19, 2025, the parties were directed to file witness and exhibit lists by January 7, 2026. Dkt. 105 . Plaintiff Carlton Wright has filed his witness and exhibit lists, dkt. 110 , but the defendants have not. Defendants shall have through January 16, 2026, to submit these filings. Failure to do so may result in sanctions consistent with Rule 16(f) of the Federal Rules of Civil Procedure. Signed by District Judge Tanya Walton Pratt on 1/15/2026. Copy to Plaintiff via US mail. (JSR) (Entered: 01/15/2026) |
| 01/15/2026 | 112 | Witness List *Preliminary*, filed by Defendants GARD, KRUL, LEE, SHANE NELSON, ALASSANE SEYE, Exhibit List *Preliminary*, filed by Defendants GARD, KRUL, LEE, SHANE NELSON, ALASSANE SEYE. (Lipps, Joseph) (Entered: 01/15/2026) |
| 01/21/2026 | 113 | MINUTE ENTRY for final pretrial conference held before District Judge Tanya Walton Pratt on 1/21/2026: Plaintiff Carlton Wright appeared in person and pro se. Defendants appeared by counsel Joseph Lipps. Discussion was held regarding pending motions, anticipated witnesses and exhibits. The Court will issue a separate Entry consistent with Fed. R. Civ. P. 16 (d) and (e). This matter remains set for bench trial on February 17, 2026 at 9:00 a.m. in Courtroom 344, Birch Bayh Federal Building and United States Courthouse, Indianapolis Indiana. Signed by District Judge Tanya Walton Pratt. (Court Reporter David Moxley.) Copy to Plaintiff via U.S. Mail. (SMH) (Entered: 01/22/2026) |
| 01/21/2026 | 114 | Unopposed Supplemental Response to the Plaintiff Final Pre-Trial Conference Order; For Exhibits and Witness List, filed by Plaintiff CARLTON WRIGHT. (Attachments: # 1 Exhibits)(SMH) (Entered: 01/22/2026) |
| 01/23/2026 | 115 | ORDER to PRODUCE INMATE. Warden of Westville CF ordered to produce CARLTON WRIGHT for court proceeding on 2/17/2026. SEE ORDER. Copy sent to distribution list via US Mail. Signed by District Judge Tanya Walton Pratt on 1/23/2026. Electronic notice to USM-W.(JRB) (Entered: 01/26/2026) |

| 01/26/2026 | 116 | ENTRY FOLLOWING FINAL PRETRIAL CONFERENCE - This matter was before the Court for a final pretrial conference on January 21, 2026, held at the Indianapolis Courthouse. Plaintiff Carlton Wright appeared in person pro se. Defendants Shane Nelson, Michael Krul, Voyle Gard, and Joe Lee appeared by counsel Joseph Lipps. David Moxley was the Court Reporter. During this final pretrial conference, the trial of this case was discussed and the following rulings were made and directions given pursuant to Trial Rule 16. Because Mr. Wright has not so shown, the claims against Jama Jones and Officer Foley are dismissed without prejudice. In addition, the claims against Alassane Seye have also been dismissed without prejudice. The clerk shall terminate Jama Jones, Officer Foley, and Alassane Seye as defendants on the docket. Signed by District Judge Tanya Walton Pratt on 1/26/2026. (See Order.) Copy mailed to Plaintiff. (BAA) (Entered: 01/26/2026) |
|---|---|---|
| 01/28/2026 | 117 | ORDER to PRODUCE INMATE BY VIDEO CONFERENCING. Warden of Pendleton CIF ordered to produce KYLE BROWN for court proceeding on 2/17/2026. SEE ORDER. Copy sent to distribution list via US Mail. Signed by District Judge Tanya Walton Pratt on 1/28/2026. Electronic notice to USM-W.(JRB) (Entered: 01/29/2026) |
| 02/03/2026 | 118 | ORDER granting 101 Plaintiff Carlton Wright's Motion for Copies to the extent that the clerk is directed to send Mr. Wright (1) a copy of the Scheduling Order at Dkt. 94 , (2) a copy of the Order to Make Inmate Available at Dkt. 99 , and, (3) an updated public docket sheet, with the distribution of this order. The motion is denied with respect to sending copies of these stale orders to the facility. Signed by District Judge Tanya Walton Pratt on 2/3/2026. (Copies to plaintiff via US Mail.) (Attachments: # 1 Dkt. 94, # 2 Dkt. 99, # 3 Public Docket Sheet) (KAA) (Entered: 02/03/2026) |
| 02/04/2026 | 119 | MOTION for Extension of Time to February 11, 2026 in which to 116 Entry *File Joint Exhibit List*, filed by Defendants GARD, KRUL, LEE, SHANE NELSON. (Attachments: # 1 Text of Proposed Order)(Lipps, Joseph) (Entered: 02/04/2026) |
| 02/05/2026 | 120 | ORDER granting 119 Motion for Extension of Time to File Joint Exhibit List filed by Defendants. The deadline for filing joint exhibit lists in this matter is extended to up to and including February 11, 2026. Copy sent to plaintiff via US mail. Signed by District Judge Tanya Walton Pratt on 2/5/2026. (TPS) (Entered: 02/05/2026) |
| 02/09/2026 | 121 | Letter to the Judge from CARLTON WRIGHT. (SAM) (Entered: 02/10/2026) |
| 02/09/2026 | 122 | Letter to the Judge from Carlton Wright. (SAM) (Entered: 02/10/2026) |
| 02/10/2026 | 123 | MARGINAL ENTRY - Acknowledged. 121 Signed by District Judge Tanya Walton Pratt on 2/10/2026. (BAA) (Entered: 02/10/2026) |
| 02/11/2026 | 124 | Exhibit List *Joint*, filed by Defendants GARD, KRUL, LEE, SHANE NELSON. (Lipps, Joseph) (Entered: 02/11/2026) |
| 02/13/2026 | 125 | MOTION in Limine , filed by Defendants GARD, KRUL, LEE, SHANE NELSON. (Lipps, Joseph) (Entered: 02/13/2026) |
| 02/17/2026 | 126 | ORDER denying Motion in Limine - The Motion In Limine, Dkt. 125 , is DENIED. (See Order.) Copy to Plaintiff via US mail. Signed by District Judge Tanya Walton Pratt on 02/17/2026. (AJG) (Entered: 02/17/2026) |
| 02/18/2026 | 127 | MINUTE ENTRY for bench trial held before District Judge Tanya Walton Pratt on 2/17/2026: Plaintiff Carlton Wright appeared in person and pro se. Defendants appeared by counsel Joseph Lipps. Opening statements presented. Evidence entered and testimony presented. Parties were instructed to submit proposed findings of fact and conclusions of law no later than March 16, 2026. Signed by District Judge Tanya Walton Pratt. (Court Reporter Laurie Morgan.)(SMH) (Entered: 02/18/2026) |

Case: 26-1945     Document: 25-1     Filed: 07/31/2026     Pages: 35

| | | |
|---|---|---|
| 02/20/2026 | 128 | Exhibit List - Exhibits admitted during February 17, 2026 trial. Copy mailed to Plaintiff via U.S. Mail.(SMH) (Entered: 02/20/2026) |
| 03/02/2026 | 129 | TRANSCRIPT of Bench Trial held on February 17, 2026 before District Judge Tanya Walton Pratt. (337 pages.) Court Reporter/Transcriber: Laurie Morgan (Email: lauriemorganfcr@gmail.com). Please review Local Rule 80-2 for more information on redaction procedures. Redaction Statement due 3/23/2026. Release of Transcript Restriction set for 6/1/2026. (Morgan, Laurie) Released on 6/1/2026 (JSR). (Entered: 03/02/2026) |
| 03/02/2026 | 130 | NOTICE of FILING of OFFICIAL TRANSCRIPT of Bench Trial held before District Judge Tanya Walton Pratt on February 17, 2026 (Morgan, Laurie) (Entered: 03/02/2026) |
| 03/02/2026 | 131 | ORDER - The transcript in this matter was filed on March 2, 2026. The parties are to submit proposed findings of fact and conclusions of law no later than March 16, 2026. In the interest of justice, the clerk is directed to mail a copy of the Transcript of the Bench Trial held on February 17, 2026 at Dkt. 129 to Plaintiff Carlton Wright with his copy of this order. Signed by District Judge Tanya Walton Pratt on 3/2/2026. Copies mailed to Plaintiff. (BAA) (Entered: 03/02/2026) |
| 03/16/2026 | 132 | Proposed Findings of Fact by All Defendants. (Lipps, Joseph) (Entered: 03/16/2026) |
| 03/20/2026 | 133 | MOTION for Extension of Time to File Written Closing Argument, filed by Plaintiff CARLTON WRIGHT. (SAM) (Entered: 03/24/2026) |
| 03/20/2026 | 134 | Second MOTION for Extension of Time to File Written Closing Argument, filed by Plaintiff CARLTON WRIGHT. (SAM) (Entered: 03/24/2026) |
| 03/27/2026 | 135 | ORDER DENYING MOTIONS FOR ENLARGEMENT OF TIME - This matter is before the Court on pro se Plaintiff Carlton Wright's two Motions Requesting Enlargement of Time to File Written Closing Argument. (Dkts. 133 , 134 ). The Court is able issue its Findings of Fact, Conclusions of Law and Order, based on the record of these proceedings, and Mr. Wright's submission is unnecessary. Accordingly, Mr. Wright's duplicate Motions for Extension of Time, Dkts. 133 and 134 are DENIED. Signed by District Judge Tanya Walton Pratt on 3/27/2026. (See Order.) Copy mailed to Plaintiff. (BAA) (Entered: 03/27/2026) |
| 03/30/2026 | 136 | FINDINGS OF FACT AND CONCLUSIONS OF LAW AND RULING FOLLOWING BENCH TRIAL - The Court conducted a bench trial in this action on February 17, 2026. Defendants moved for summary judgment, and that motion was granted in part and denied in part. (Dkt. 102 ). The claims that remained for trial were that: (1) Unit Team Manager Shane Nelson ("Nelson") failed to protect Wright from assault by inmate Elijah Dorsey ("Dorsey"); (2) Lieutenant Michael Krul ("Lt. Krul")1, Nelson, Sergeant Joe Lee ("Sgt. Lee"), and Captain Voyle Gard ("Captain Gard") failed to protect Wright from assault by inmate Brooks (first name unknown) ; and (3) Nelson retaliated against Wright by placing him near Dorsey and later by keeping Wright in segregation beyond the time of his disciplinary sentence. The Court now issues findings of fact, conclusions of law, and its ruling pursuant to Federal Rule of Civil Procedure 52(a)(1). Any finding of fact that is more properly considered a conclusion of law is adopted as such. Similarly, any conclusion of law that is more properly considered a finding of fact is adopted as such. The Court finds in favor of Plaintiff Carlton Wright and against Defendant Shane Nelson on Wright's claims that (1) Shane Nelson failed to protect Wright from assault by inmate Elijah Dorsey; and Defendants Lieutenant Michael Krul, Shane Nelson, Sergeant Joe Lee, and Captain Voyle Gard failed to protect Wright from assault by non-party Brooks. The Court finds in favor of Wright on his claim that Nelson retaliated against Wright by placing him near Dorsey. The Court finds that Defendant Shane Nelson is entitled to judgment on the claim that he retaliated against Wright by wrongly extending his stay in |

Case: 26-1945     Document: 25-1     Filed: 07/31/2026     Pages: 35

|  |  | segregation. Wright is awarded a total of Eight Thousand Dollars ($8,000.00) in compensatory damages. Judgment consistent with this Order and the Order on the Defendants' motion for summary judgment, (Dkt. 102 ), shall now issue in a separate Order. (See Order.) Signed by District Judge Tanya Walton Pratt on 3/30/2026. Copy to Plaintiff via US mail. (JSR) (Entered: 03/31/2026) |
|---|---|---|
| 03/30/2026 | 137 | FINAL JUDGMENT - The Court, having this day made its Order directing the entry of final judgment, now enters FINAL JUDGMENT. (See Judgment.) Signed by District Judge Tanya Walton Pratt on 3/30/2026. Copy to Plaintiff via US mail. (JSR) (Entered: 03/31/2026) |
| 04/29/2026 | 138 | NOTICE OF APPEAL as to 137 Closed Judgment, filed by Defendants GARD, KRUL, LEE, SHANE NELSON. (Filing fee $605, receipt number AINSDC-9249564) (Lipps, Joseph) (Entered: 04/29/2026) |
| 04/30/2026 | 139 | PARTIES' SHORT RECORD re 138 Notice of Appeal - **Instructions for Attorneys/Parties attached.** (KAA) (Entered: 04/30/2026) |
| 04/30/2026 | 140 | Transmission of Notice of Appeal and Docket Sheet to US Court of Appeals re 138 Notice of Appeal. - **for Court of Appeals Use Only.** (KAA) (Entered: 04/30/2026) |
| 04/30/2026 | 141 | USCA Case Number 26-1945 for 138 Notice of Appeal filed by SHANE NELSON, GARD, KRUL, LEE. (KAA) (Entered: 05/01/2026) |
| 05/18/2026 | 142 | SEVENTH CIRCUIT TRANSCRIPT INFORMATION SHEET by CARLTON WRIGHT re 138 Notice of Appeal. (AJG) (Entered: 05/19/2026) |
| 05/26/2026 | 143 | NOTICE OF CROSS APPEAL as to 137 Closed Judgment, 136 Findings of Fact & Conclusions of Law, filed by Plaintiff CARLTON WRIGHT. (No fee paid with this filing) (Attachments: # 1 Cover Letter)(LBT) (Entered: 05/28/2026) |
| 06/01/2026 | 144 | PARTIES' SHORT RECORD re 143 Notice of Cross Appeal - **Instructions for Attorneys/Parties attached.** (Copy mailed to appellant.) (KAA) (Entered: 06/01/2026) |
| 06/01/2026 | 145 | Transmission of Notice of Appeal and Docket Sheet to US Court of Appeals re 143 Notice of Cross Appeal. - **for Court of Appeals Use Only.** (KAA) (Entered: 06/01/2026) |
| 06/02/2026 | 146 | USCA Case Number 26-2165 for 143 Notice of Cross Appeal filed by CARLTON WRIGHT. (Attachments: # 1 PLRA Fee Notice)(KAA) (Entered: 06/02/2026) |

| **PACER Service Center** | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 06/09/2026 16:28:35 | | | |
| **PACER Login:** | jlipps2323 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:23-cv-00459-TWP-MKK |
| **Billable Pages:** | 14 | **Cost:** | 1.40 |

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| CARLTON WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:23-cv-00459-TWP-MKK |
| | ) | |
| SHANE NELSON, | ) | |
| KRUL Lieutenant, | ) | |
| GARD Captain, | ) | |
| LEE Sergeant, | ) | |
| | ) | |
| Defendants. | ) | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**
**AND RULING FOLLOWING BENCH TRIAL**

The Court conducted a bench trial in this action on February 17, 2026. Plaintiff Carlton

Wright ("Wright") appeared in person and represented himself. Defendants Shane Nelson,

Lieutenant Krul, Captain Gard, and Sergeant Lee (collectively, "Defendants") appeared by counsel

Joseph Lipps. Captain Gard attended as Defendants' assisting witness. Laurie Morgan was the

Court Reporter. Wright, who is incarcerated in the Indiana Department of Correction, brought this

action after he was assaulted on two occasions by other inmates when he was incarcerated at New

Castle Correctional Facility ("NCCF"). Defendants moved for summary judgment, and that motion

was granted in part and denied in part. (Dkt. 102). The claims that remained for trial were that: (1)

Unit Team Manager Shane Nelson ("Nelson") failed to protect Wright from assault by inmate

Elijah Dorsey ("Dorsey"); (2) Lieutenant Michael Krul ("Lt. Krul")[1], Nelson, Sergeant Joe Lee

("Sgt. Lee"), and Captain Voyle Gard ("Captain Gard") failed to protect Wright from assault by

---

[1] Lt. Krul was not present in person at the trial. The Court admitted his affidavit and interrogatories into evidence by
stipulation of the parties. (Tr. Exhibits 13, 41; Dkt. 129 at 96–97).

inmate Brooks (first name unknown)[2]; and (3) Nelson retaliated against Wright by placing him near Dorsey and later by keeping Wright in segregation beyond the time of his disciplinary sentence. The Court now issues findings of fact, conclusions of law, and its ruling pursuant to Federal Rule of Civil Procedure 52(a)(1). Any finding of fact that is more properly considered a conclusion of law is adopted as such. Similarly, any conclusion of law that is more properly considered a finding of fact is adopted as such.

## II.    FINDINGS OF FACT

The following facts are based on the Court's credibility determinations of the various witnesses' testimonies, the parties' Joint Stipulated Facts for Trial, and the exhibits admitted into evidence.

### A. The Parties

Captain Gard worked at NCCF for 11 years, and in June 2021, he worked in the O-Unit at the annex building. (Dkt. 129 at 26–27). Joe Lee was employed at NCCF as a Sergeant in June of 2021. *Id.* at 69. Michael Krul worked as a Lieutenant at NCCF in June of 2021. (Tr. Exhibit 42). Shane Nelson has worked at NCCF for 12 years, and between 2019 and 2022, he was a Unit Team Manager over the M-Unit and O-Unit in the annex. (Dkt. 129 at 115–17).

### B. Wright's Move to M-Unit

Wright arrived at the annex at NCCF in March of 2019 and was initially placed in the O-Unit where he had a job as a mentor. (Dkt. 129 at 216). He was moved to the M-Unit in the annex, which is a protective custody unit, around November of 2020. *Id.* at 217. Wright was known as a snitch and was moved to M-Unit because he had been receiving threats from other inmates. *Id.* at 217, 309. In his role as the unit team manager, Nelson recommended Wright's move to protective

---

[2] There was no evidence presented regarding Mr. Brooks' first name.

2

custody. *Id.* Shortly after his move to the M-Unit, Wright began to "have problems" with case manager Jama Jones ("Jones"). *Id.* at 219. Wright believes that his contentious relationship with Jones contributed to the tension between him and Nelson. *Id.* at 221. Nelson and Jones began to move Wright's cell assignment frequently. *Id.* at 222. Between November of 2020 and January of 2021, Wright was moved about five times. *Id.* Nelson testified that, while these moves were frequent, such frequency is not uncommon in the M-Unit. *Id.* at 126. As a Unit Team Manager, Nelson had the authority to authorize or deny bed moves in the M-Unit but he did not personally plan bed moves. *Id.* at 123–24, 144–45. However, his name appears as the authorizing officer for several of Wright's bed moves in the document recording those bed moves. (Tr. Exhibit 2).

In late 2020 and early 2021, Wright began to file grievances challenging the frequent bed moves. (Dkt. 129 at 223). Nelson testified that he would not know about grievances filed against him, but he does recall Wright complaining regularly. *Id.* at 126–28. Later, though, Nelson acknowledged that he responded to an email from the grievance administrator about a grievance Wright had filed against him complaining about the bed moves. *Id.* at 136; *see also* (Tr. Exhibit 9) (grievance number 122186 complaining about Nelson changing his cell assignments); (Tr. Exhibit 58) (email to Nelson asking for a response to grievance number 122186). Wright had a conversation with Nelson in which he complained about the frequent bed moves, and Nelson told him "If I was you, I would stop always bitching and complaining about bed moves, or I promise you, I will make your stay here a living hell on you." (Dkt. 129 at 225). While Nelson denies making this statement, *id.* at 152, inmate Kyle Brown ("Brown") testified that he overheard it. *Id.* at 104–05.[3]

---

[3] Nelson attempts to impeach Brown's testimony, pointing out that Brown has a 2016 conviction for fraud and that Brown admitted in a prison disciplinary proceeding to making a false report under the Prison Rape Elimination Act. Brown explains that he chose to plead guilty to the false report charge to avoid losing a year of credit time. (Dkt. 129 at 111). Nelson also points out that in Brown's affidavit in this case, which was signed in January of 2021, Brown

Wright was moved to a cell with a cellmate he got along with on January 13, 2021. *Id.* at 230. In Nelson's email to the grievance administrator about Wright's complaints about bed moves, Nelson responded, "[Wright] and his cellmate have requested to live together and meet compatibility requirements. There should be no reason for future complaints from him." (Tr. Exhibit 58).

### C. Dorsey Assault

Nonetheless, on April 5, 2021, Wright was informed that he was going to be moved again to share a cell with inmate Dorsey. (Dkt. 129 at 233). Dorsey had been in several fights since his arrival at NCCF and was held in M-Unit pending charges for murdering an Indianapolis police officer. *Id.* at 240. Dorsey had received several conduct reports and spent time in segregation for those fights. *Id.* at 241.

Nelson approved this move. (Tr. Exhibit 2). Wright told Officer Foley, who was moving him, that he feared for his safety, and Officer Foley placed Wright in the shower and wrote a case note explaining that Wright was refusing the housing assignment. *Id.* at 235; (Tr. Exhibit 1) (Case Note stating that Wright refused housing). The Note also stated that "Offender Wright told Ofc. Foley that he was in fear of his life being moved into cell M1-116." *Id*. Lt. Krul visited Wright in the shower, and Wright explained the situation. (Dkt. 129 at 237). Lt. Krul threatened to issue a conduct report and send Wright to segregation if he refused to move into the cell with Dorsey. *Id.* at 237–38. Wright moved to the cell, but later, after shift change, pressed the emergency panic button in the cell. *Id.* at 238. He told the officer who responded about his concerns and the officer agreed to move Wright without issuing a conduct report. *Id.* at 239. A non-party officer moved

---

averred that he was in his cell during the interaction between Nelson and Wright, but at the trial Brown testified that he was in the dayroom. *Id.* at 107–08. Brown explains that the cell and the dayroom are so close to each other, they are often described the same. *Id.* at 108. Because Brown's testimony at trial is largely consistent with his 2021 affidavit, and based on his demeanor at the trial, the Court credits Brown's testimony.

Wright to a different range where there was no chance of interaction with Dorsey. *Id.* at 240. Wright was comfortable with the new location and cellmate. *Id.* at 241. During his time in this range, Wright told Nelson that he did not want to be moved back near Dorsey because he felt in danger. *Id.* at 245. Nelson told Wright not to worry about it and that he was appropriately housed. *Id.* Nelson does not recall Wright telling him that he was in fear of Dorsey, but that if he had, the two men would have been separated. *Id.* at 139–40.

On May 27, 2021, Wright was moved to a cell on the same range as Dorsey, but on a different floor. *Id.* at 249. With this placement, they still were unable to interact with each other. *Id.* at 250. However, on June 1, Wright was moved two cells away from Dorsey on the same recreation line. *Id.* at 251. Nelson authorized this move. (Tr. Exhibit 2). Inmates on the same recreation line interact with each other every day, because they go to recreation activities at the same time and use the same showers, microwave, and telephone, among other things. (Dkt. 129 at 253). There are a total of eight recreation lines on the M-Unit. *Id.* at 254.

The day after Wright's move, when he was out for recreation, Dorsey punched him and the two engaged in a fight that lasted 37 minutes. *Id.* at 255. No staff intervened during this time. *Id.* at 257. After the altercation, Wright was taken to the medical department for assessment. *Id.* at 259. He had abrasions on his foot, forearm, and face. *Id.* at 260. His side was sore from being punched, and he tore a ligament in his wrist. *Id.* He was given an icepack and Tylenol and was later given wrist splints. *Id.* Wright testified that he suffers from Post-Traumatic Stress Disorder. *Id.* at 262. He takes medication and has monthly therapy and cannot work certain jobs because of his mental health code. *Id.* at 263.[4] Since this incident, Wright has experienced night terrors, cold

---

[4] Wright sought to admit Tr. Exhibits 28–37, which are pages of records of Wright's medical care, over the Defendants' objection. The Court took the matter under advisement. (Dkt. 129 at 263). In their proposed findings of fact and conclusions of law, the Defendants appear to concede the admissibility of these documents, stating "[t]he Court now admits these records into evidence," (Dkt. 132). The Court now admits into evidence Tr. Exhibits 28–37.

sweats, and is always on edge and in fear of being attacked. *Id.* at 265. Before this assault and fight with Dorsey, Wright had been free of conduct reports for four years. *Id.* at 238.

### D. Brooks Assault

Wright was taken to segregation for his role in the fight with Dorsey and was placed in a cell next to inmate Brooks. *Id.* at 266. Brooks was known by staff and inmates to be a combative inmate. *Id.* at 31 (Captain Gard); *id.* at 70–71 (Sgt. Lee); *id.* at 158 (Nelson). Wright testified that he was a protective custody inmate, while Brooks was a general population inmate. *Id.* at 268.

Captain Gard testified that if an inmate in segregation told him he felt he was in danger, he would probably not take that concern seriously because the cells in segregation are single-man cells. *Id.* at 37. Sgt. Lee testified that if an inmate brings to his attention that another inmate is threatening him, that is taken seriously, but he agreed that inmates in segregation do not have physical interaction with each other. *Id.* at 77. Nelson also testified that if an inmate in segregation complains of a threat from another inmate, that should be taken seriously. *Id.* at 176. If an inmate complains that another inmate in the same pod has threatened him, Sgt. Lee can move him if there is another cell available. *Id.* at 80.

A short time after this placement, Brooks became aware that Wright was a protective custody inmate—which indicated that Wright was likely a snitch—and Brooks began to threaten and harass him. *Id.* at 269. Wright told Lt. Krul, Captain Gard, Sgt. Lee, and Nelson that Brooks was threatening and harassing him when they made their rounds. *Id.* at 269, 274, 278, 279.[5] But these Defendants each told Wright that they would not move him. *Id.* at 270, 274, 278, 280. Wright

---

Notwithstanding this admission, the Court relies largely on Wright's testimony regarding his mental and physical experiences.

[5] The Defendants deny any memory of Wright telling them about his fear of Brooks. (Dkt. 129 at 47) (Gard's testimony that "I don't remember if he did or not."); 76 (Lee testimony: "it's been a long time ago so I don't remember that"). However, based on its assessment of the evidence, the parties' demeanor, and their inability to recall practically anything, the Court credits Wright's testimony that he did so.

testified that Brooks' location was such that Brooks could overhear Wright notifying Sgt. Lee that Brooks was threatening him, which made Brooks angrier. *Id.* at 275. Brooks called Wright a snitch and told him he really was going to get him. *Id.*

On one occasion when Sgt. Lee was taking Brooks to the shower, Brooks threatened to stab Wright. *Id.* at 276. Sgt. Lee denies a specific memory of Brooks threatening Wright, but Sgt. Lee testified that Brooks "was always threatening people" and Brooks was always in cuffs when outside his cell. *Id.* at 87–89. Nelson does not recall Wright complaining to him about Brooks. *Id.* at 177.

The cell doors on this range are solid doors with a window and a food slot, also known as a cuff port. *Id.* at 286. On June 24, 2021, which was shower day for that range, Brooks held the cuff port of his cell door "hostage" by sticking his arm out the food slot and not letting it close. *Id.* at 273, 285. This violates NCCF rules. *Id.* at 54. When an inmate holds his cuff port open, there should not be movement around the cell. *Id.* at 74. Officers can use a shield to cover the door so nothing can get through it. *Id.* at 57. Captain Gard testified that the decision to use the shield is made on a case-by-case basis. *Id.* at 57. Sgt. Lee testified that when a cuff port is held hostage "first of all, you put the shield up." *Id.* at 74.

While Brooks held the cuff port open, Sgt. Lee and Captain Gard spoke to Brooks, but did not secure the cuff port nor did they put up a shield. *Id.* at 285, 288. When Wright's shower time came, Officer Foley came to escort him to the shower. *Id.* at 289. As Wright was leaving his cell and heading to the shower, Brooks threw bodily fluids at Wright through the open cuff port. *Id.* at 290. Wright asked to take a shower after this assault, but because there was an incident, this request was denied, Wright was returned to his cell and he was not able to shower for three days. *Id.* at 293. After the assault, Wright filed a grievance concerning the incident and asking for the video

footage of it to be maintained. (Tr. Exhibit 16, 25). The Defendants deny memory of this incident. (Dkt. 129 at 34 (Captain Gard)); *id.* at 79 (Sgt. Lee); *id.* at 129 (Nelson). However, in a response to Wright's grievance, he was told "[p]er custody supervisors' policy and procedures was followed, I have requested the camera footage be saved that you asked for in your grievance." *Id.* at 284. (Tr Exhibit 18).

After these two incidents, Wright filed a formal request to separatee against Dorsey and Brooks. (Dkt. 129 at 304).

**E. Retaliation Claim**

Wright filed a grievance on June 8, 2021, alleging that Nelson and Case Manager Jones intentionally placed him in harm's way, resulting in the fight with Dorsey. (Tr. Exhibit 25). Wright received a disciplinary report for the altercation between him and Dorsey on the recreation pad. (Dkt. 129 at 293). At his disciplinary hearing, held on June 16, 2021, Wright was sentenced to time served in segregation, meaning that he should have been released from segregation that day. (Tr. Exhibit 4; Dkt. 129 at 166). But he was not released from segregation until June 29, 2021. (Dkt. 129 at 295).

Nelson is a member of the Restrictive Housing Unit ("RHU") Multi-Disciplinary Review Committee. *Id.* at 169. As part of his duties, Nelson prepared a note on June 18 stating:

> On 6/16/2021, the RHU Multi-Disciplinary Review Committee met and reviewed the status of Offender Carlton Wright. The decision was made for the offender to remain in RHU under administrative hold. Offender Wright has been recommended to be removed from protective custody status and submitted for transfer.

(Tr. Exhibit 19). Nelson entered a note in Case Notes on June 25 stating:

> The RHU Multi-Disciplinary Review Committee met and reviewed the status of Offender Carlton Wright. The decision was made for the offender to be released from O3 to the population of M-Unit. He will remain on protective custody status and will work with Unit Team staff to complete appropriate BITS and CAREY guides to improve his behavior and attitude toward staff and inmates.

8

*Id.* Nelson testified that Wright's stay in protective custody was "under review to remove the protective custody. The committee met the next week, and he was not removed from protective custody." (Dkt. 129 at 182). Nelson denies that he did anything to cause Wright to remain in segregation longer than he should have. *Id.* at 195. Nelson was, however, a part of the committee that decided Wright would remain in segregation. *Id.*

Wright exhausted his administrative remedies before timely filing this lawsuit.

### III.   CONCLUSIONS OF LAW

Before beginning its analysis, the Court notes that despite the knowledge that they were defendants in a federal trial, Defendants Nelson, Sgt. Lee, and Captain Gard, appeared to be woefully unprepared. Each repeatedly testified "I don't remember if he did or not", "I don't know," or "I don't recall," despite the existence of exhibits and reports which could have refreshed their memories concerning the claims against them in this case.

In evaluating the testimony of any witness, the trier of fact may consider, among other things: the ability and opportunity the witness had to see, hear, or know the things that the witness testified about; the witness's memory; any interest, bias, or prejudice the witness may have; the witness's intelligence; the manner of the witness while testifying; and the reasonableness of the witness's testimony in light of all the evidence in the case. *See* Federal Civil Jury Instructions of the Seventh Circuit, 1.13. Additionally, it is proper for a lawyer to meet with a witness in preparation for trial, if the witness is willing to do so. *See Porter v. Boodry*, No. 17-cv-726, 2021 WL 4521128, at *14 (W.D. Wis. Oct. 4, 2021). Here, the numerous disputes in the testimonies of witnesses presents straightforward credibility questions for the Court to resolve as the finder of fact. *See Gicla v. United States*, 572 F.3d 407, 414 (7th Cir. 2009). The witnesses' failure to recall, and their demeanor at trial, diminished their credibility.

### A. Failure to Protect Claims

Prison officials have a duty to protect inmates from violent assaults by other inmates. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). They incur liability for the breach of that duty when they were "'aware of a substantial risk of serious injury to [an inmate] but nevertheless failed to take appropriate steps to protect him from a known danger.'" *Guzman v. Sheahan*, 495 F.3d 852, 857 (7th Cir. 2007) (quoting *Butera v. Cottey*, 285 F.3d 601, 605 (7th Cir. 2002)); *see also Santiago v. Walls*, 599 F.3d 749, 758–59 (7th Cir. 2010). To succeed on a claim for failure to protect, Wright must show that (1) Defendants were aware of a substantial risk of serious injury to him, and (2) they acted with deliberate indifference to that risk. *See Farmer*, 511 U.S. at 834, 837; *Dale v. Poston*, 548 F.3d 563, 569 (7th Cir. 2008). An official will only be liable when he disregards that risk by failing to take reasonable measures to abate it. *Borello v. Allison*, 446 F.3d 742, 747 (7th Cir. 2006). Further, damages are unavailable for fear of an unrealized attack. *Babcock v. White*, 102 F.3d 267, 270 (7th Cir. 1996).

### 1. Dorsey Attack

Wright's first claim is that Nelson knew that he was at risk of assault by Dorsey and Nelson placed him near Dorsey anyway. Between December 2020 and January 13, 2021, Wright was moved five times, and he filed a grievance concerning the frequent moves. In February of 2021, before Wright was moved near Dorsey, Wright had been placed with a cellmate with whom he got along well, and Nelson had emailed the grievance specialist explaining that with his current location, there should be "no reason for future complaints." (Tr. Exhibit 58). Nonetheless, Nelson authorized Wright's move to share a cell with Dorsey on April 5, 2021. (Tr. Exhibit 2). The record shows that Wright told Officer Foley about his fears and Officer Foley held Wright in the shower to wait for Lt. Krul. (Tr. Exhibit 1). After meeting with Lt. Krul, Wright consented to being moved

into the cell with Dorsey, but later pressed the panic button in his cell and asked again to be moved. (Dkt. 129 at 239). Wright was then moved to a cell where he was comfortable. *Id.* at 241.

Although Nelson denies recollection of such a conversation during this time, the Court credits Wright's testimony that he told Nelson that he did not want to be around Dorsey. *Id.* at 245. Nonetheless, in May of 2021, Nelson authorized Wright's move to a cell on the same range as Dorsey, but on a different floor. (Tr. Exhibit 2; dkt. 129 at 249). A few days later, Nelson again authorized Wright's move to a cell two cells away from Dorsey. (Tr. Exhibit 2). There are eight recreation lines in the M-Unit, but the move approved by Nelson placed Wright on the same recreation line as Dorsey. (Dkt. 129 at 253–54). Nelson provides no explanation for this move other than his general testimony that there could be "numerous reasons for moves." (Dkt. 129 at 134). *But see* (Tr. Exhibit 58 (email stating that the reason for Wright's bed moves is that he is a problematic cellmate)). The next day, Dorsey attacked Wright for 37 minutes. And, although the Defendants seek to characterize this altercation as a fight, the Court credits Wright's testimony that Dorsey initiated it, and he fought back to defend himself. *Id.* at 255.

To establish the liability of a prison official, a plaintiff must establish that the official knew of the risk (or a high probability of the risk) and did nothing. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). Here, it is undisputed that Dorsey was known to be a violent inmate, and the Court has found that Wright told Nelson that he was afraid of Dorsey, but Nelson nonetheless continued to authorize Wright's moves near Dorsey. The Court finds that Nelson knew that Wright was at risk of assault from Dorsey but disregarded that risk, in violation of Wright's Eighth Amendment rights.

### 2. Brooks Attack

Wright's next claim is that Lt. Krul, Nelson, Sgt. Lee, and Captain Gard each knew that Brooks had threatened him but failed to protect Wright from assault.

11

After the fight with Dorsey, Wright was held in segregation and placed in a cell next to Brooks, who was known to be combative. (Dkt. 129 at 31, 70–71, 158, 266). Although the Defendants have no recollection, the Court credits Wright's testimony that he told each of the Defendants that Brooks had threatened him. *Id.* at 269, 274, 278, 279. Captain Gard testified that Brooks would often hold his cuff port hostage, and an incident report is not issued when an inmate refuses to close the cuff port.

The Court further credits Wright's testimony that Sgt. Lee observed these threats on at least one occasion. *Id.* at 276. And the Court credits Wright's testimony that, on June 24, 2021, Brooks held his cuff port "hostage" by sticking his arm out of the slot. *Id.* at 273, 285. Although officers can use a shield to cover the cuff port so that nothing can be thrown out of the opening, Sgt. Lee and Captain Gard did not do so. *Id.* at 285, 288. Then, when Wright was taken out of his cell to go to the shower, Brooks threw bodily fluids on Wright through the open cuff port. *Id.* 290.

Having found that (1) Brooks was known to be combative and to make threats against Wright; (2) Wright told the Defendants about these threats; and (3) Brooks held his cuff port open and Sgt. Lee and Captain Gard did not secure the cuff port before Wright was escorted to the shower, the Court finds that the Defendants were aware of a serious risk to Wright and disregarded it in violation of his Eighth Amendment rights.

**B. Retaliation Claim**

To succeed on a First Amendment retaliation claim, a plaintiff must come forward with evidence sufficient to allow a reasonable trier of fact to conclude that: (1) the plaintiff engaged in protected First Amendment activity; (2) he suffered a deprivation that would likely deter future First Amendment activity; and (3) the protected activity was a motivating factor in the defendants' decision to take the allegedly retaliatory action. *Jones v. Van Lanen*, 27 F.4th 1280, 1284 (7th Cir.

12

2022). If he does so, the burden shifts to the defendants to show that the deprivation would have occurred even if he had not engaged in protected activity. *Manuel v. Nalley*, 966 F.3d 678, 680 (7th Cir. 2020). If they can make that showing, the burden shifts back to the plaintiff to demonstrate that the proffered reason is pretextual or dishonest. *Id.*

Wright bases his retaliation claim on two alleged retaliatory acts—his placement in a cell near Dorsey and being held in segregation beyond the time ordered in his disciplinary hearing. Nelson agrees that Wright engaged in protected First Amendment activity by filing grievances but argues that Wright has not satisfied the remaining elements of his retaliation claim.

First, as to Wright's claim that Nelson placed him near Dorsey in retaliation for filing grievances, the Court finds that placing Wright near Dorsey when Wright was afraid of him could deter a person of ordinary firmness from participating in First Amendment activity. In addition, the Court credits the testimony that sometime before this placement, Nelson told Wright that if he did not quit complaining he would make his "stay a living hell." (Dkt. 129 at 225–27). Nelson continued to authorize Wright's placement near Dorsey even after Wright's complaints of fear. And after another officer moved Wright away from Dorsey, Nelson moved him back. *Id.* at 241, 249, 251; (Tr. Exhibit 2). Based on this testimony, the Court finds sufficient direct and circumstantial evidence of retaliation, when Nelson moved Wright to the same recreation line as Dorsey, because he had been filing grievances against him in violation of his First Amendment rights.

Next, as to Wright's claim that Nelson kept him in segregation beyond the period in which his stay should have ended, the Court credits Nelson's testimony that this decision was made by the entire RHU Multi-Disciplinary Review Committee and was based on their review of Wright's protective custody status, not retaliatory reasons. (Tr. Exhibit 19; dkt. 129 at 182, 195). Nelson is

therefore entitled to judgment on this claim, and Wright's First Amendment claim on this issue is denied.

## IV.  DAMAGES

Wright seeks both punitive and compensatory damages. As discussed above, based on its evaluation of the evidence and testimony presented at the bench trial, the Court finds that Defendant Nelson was aware of a serious risk that Dorsey would assault Wright and disregarded this risk; that Defendants Nelson, Lt. Krul, Sgt. Lee, and Captain Gard were aware of a risk that Brooks would assault Wright and disregarded that risk; and that Nelson retaliated against Wright when he authorized his placement near Dorsey. Wright is therefore entitled to damages on these claims.

In considering damages, the Seventh Circuit Court of Appeals has held that three factors guide its analysis: "whether (1) the award is monstrously excessive; (2) there is no rational connection between the award and the evidence, indicating that it is merely a product of the jury's fevered imaginings or personal vendettas; and (3) whether the award is roughly comparable to awards made in similar cases." *Adams v. City of Chicago*, 798 F.3d 539, 543 (7th Cir. 2015) (citing *G.G. v. Grindle,* 665 F.3d 795, 798 (7th Cir.2011)).  The required "rational connection" between the evidence and the award does not imply mathematical exactitude, especially where the compensatory damages are for pain and suffering.  "Such damages are very difficult to quantify, leaving it to the [trier of fact] to select a dollar amount that it believes will fairly compensate the plaintiff." *Hendrickson v. Cooper*, 589 F.3d 887, 892–93 (7th Cir. 2009) (citing *Fenolio v. Smith,* 802 F.2d 256, 259–60 (7th Cir.1986))

Neither party presented any argument or authority concerning a dollar amount for damages. But this Court previously awarded an inmate Ten Thousand Dollars ($10,000.00) when defendant

14

correction officers were deliberately indifferent, and the diabetic inmate was injured and suffered a cut and a 4-inch scar which remained clearly visible three years later. *See Dake v. United States*, 1:13-cv-961 TWP-DML.

Considering a rational connection between the evidence of Wright's injuries and the award, the Court awards Wright $7,000.00 in compensatory damages against Nelson for the assault by Dorsey. Wright's physical injuries were not severe, but he did suffer an abrasion on his foot and toe, left forearm, a sore side, facial abrasions, and ultimately a torn wrist ligament. Of significance is the fact that the assault and resulting fight lasted 37 minutes, before the guards intervened. Wright suffers from post-traumatic stress disorder and anxiety, and his anxiety was exasperated following the incident with Dorsey.

The Court awards $1,000.00 against all Defendants for the assault by Brooks. The bodily fluids consisted of feces and urine, and Wright testified that afterwards, he was not allowed to take a shower for three days. Liability on this claim is joint and several.

The Court awards no punitive damages. Punitive damages are appropriate only if the defendants' conduct was malicious or in reckless disregard of Wright's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Wright. Conduct is in reckless disregard of Wright's rights if, under the circumstances, a defendant simply did not care about Wright's safety. Committee on Pattern Jury Instructions of the Seventh Circuit, Pattern Jury Instructions (Civil Cases) 7.28 (2009 Rev.). The Court finds that Wright did not show that Defendants Sgt. Lee, Captain Gard, and Lt. Krul acted maliciously or with more than deliberate indifference to warrant punitive damages. Although the Court found that Nelson threatened to make Wright's life difficult, the Court nonetheless finds that punitive damages are not warranted against him. The total damages award is $8,000.00 in compensatory damages.

## V.    CONCLUSION

For the reasons stated above, the Court finds in favor of Plaintiff Carlton Wright and against Defendant Shane Nelson on Wright's claims that (1) Shane Nelson failed to protect Wright from assault by inmate Elijah Dorsey; and Defendants Lieutenant Michael Krul, Shane Nelson, Sergeant Joe Lee, and Captain Voyle Gard failed to protect Wright from assault by non-party Brooks. The Court finds in favor of Wright on his claim that Nelson retaliated against Wright by placing him near Dorsey. The Court finds that Defendant Shane Nelson is entitled to judgment on the claim that he retaliated against Wright by wrongly extending his stay in segregation.

Wright is awarded a total of Eight Thousand Dollars ($8,000.00) in compensatory damages.

Judgment consistent with this Order and the Order on the Defendants' motion for summary judgment, (Dkt. 102), shall now issue in a separate Order.

**SO ORDERED.**

Date:    3/30/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

CARLTON WRIGHT
208902
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
5501 South 1100 West
WESTVILLE, IN 46391

Joseph Thomas Lipps
BBFCS ATTORNEYS
jlipps@bbfcslaw.com

16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

|  |  |  |
|---|---|---|
| CARLTON WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:23-cv-00459-TWP-MKK |
| | ) | |
| JAMA JONES, | ) | |
| MARK SEVIER, | ) | |
| JENNIFER FRENCH, | ) | |
| MAJOR R DAVIS, | ) | |
| SHANE NELSON, | ) | |
| M. PAGE, | ) | |
| J. HACKER, | ) | |
| K. SMITH, | ) | |
| G. NEMORE, | ) | |
| CECIL, | ) | |
| DENNY, | ) | |
| G. PEARSON, | ) | |
| JOSEPH, | ) | |
| STORM, | ) | |
| KRUL, | ) | |
| GARD, | ) | |
| SPARKS, | ) | |
| NYADI, | ) | |
| ALASSANE SEYE, | ) | |
| LEE, | ) | |
| DUNN, | ) | |
| FOLEY, | ) | |
| B. LEACH, | ) | |
| DUNLAP, | ) | |
| MYERS, | ) | |
| JANE/JOHN DOE, | ) | |
| JANE/JOHN DOE, | ) | |
| JANE/JOHN DOE, | ) | |
| JANE/JOHN DOE, | ) | |
| JANE/JOHN DOE, | ) | |
| JANE/JOHN DOE, | ) | |
| | ) | |
| Defendants. | ) | |

**FINAL JUDGMENT**

The Court, having this day made its Order directing the entry of final judgment, now enters FINAL JUDGMENT.

Plaintiff Carlton Wright's claims against Mark Sevier, Jennifer French, Major Davis, M. Page, J. Hacker, K. Smith, G. Pearson, G. Nemore, Denny, Joseph, Lieutenant Storm, Sergeant Sparks, Sergeant Nyadi, Officer Dunn,. Cecil, Brenda Leach, and all John or Jane Doe defendants are dismissed with prejudice.

The claims against Officer Foley and Jama Jones are dismissed without prejudice.

The claim that Lieutenant Krul, Sergeant Seye, Officer Myers and Officer Dunlap failed to intervene in the assault and resulting fight between Elijah Dorsey and Carlton Wright is dismissed with prejudice.

The claims that Shane Nelson retaliated against Carlton Wright by prolonging his stay in segregation is dismissed with prejudice.

On his claim that Shane Nelson failed to protect him from assault by Elijah Dorsey and did so in retaliation for filing grievances, judgment is entered in favor of Plaintiff Carlton Wright and against the Defendant Shane Nelson. Compensatory damages in the amount of $7,000.00 are awarded.

On the claim that Shane Nelson, Joseph Lee, Voyle Gard, and Michael Krul failed to protect Carlton Wright from assault by Offender Brooks, judgment is entered in favor of Carlton Wright and against these Defendants. Damages in the amount of $1,000.00 are awarded. Liability is joint and several.

Date:  3/30/2026

Kristine L. Seufert, Clerk

BY: _____

Deputy Clerk, U.S. District Court

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

2

Distribution:

CARLTON WRIGHT
208902
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
5501 South 1100 West
WESTVILLE, IN 46391

Joseph Thomas Lipps
BBFCS ATTORNEYS
jlipps@bbfcslaw.com